## SOUTHERN UNDERWRITERS v. WOLCOTT.

### No. 10123.

Court of Civil Appeals of Texas. San Antonio.

Oct. 20, 1937.

Rehearing Denied Dec. 1, 1937.

Battaile, Burr & Holliday, of Houston, for plaintiff in error.

Grindstaff, Zellers & Hutcheson, of Weatherford, for defendant in error.

SMITH, Chief Justice.

L. H. Wolcott recovered judgment against Southern Underwriters under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.), and the Southern Underwriters has brought writ of error.

Wolcott alleged a case of permanent total incapacity, only. The jury found he was totally incapacitated, that such incapacity had continued up to the time of the trial, was not permanent, but would cease in the future, and the duration thereof was fixed at 200 weeks. The jury further found that the employee's incapacity was not "only partial," then, nor would it be in the future. Upon these findings the trial court rendered judgment awarding Wolcott appropriate compensation upon the basis of 200 weeks' total incapacity.

Plaintiff in error presents only one proposition, to the effect that defendant in error alleged and proved only one cause of action, to wit, permanent total incapacity, and therefore could recover only upon that theory; that there was no pleading or evidence upon which to base the specific finding of 200 weeks' total incapacity, and that the judgment, based upon and conformable to that finding, was unauthorized.

It is true that defendant in error did not plead, nor was there any testimony, that the period of his incapacity would be, specifically, 200 weeks. The same witnesses who testified that defendant in error was totally disabled, also testified, uniformly, that such disability was permanent. Other witnesses testified that the disability was partial, and would continue only a few weeks. The maximum estimate was, it appears, 12 weeks, and these estimates were based upon the theory of partial incapacity. No witness made an estimate of 200 weeks, as related to either total or partial incapacity. No witness testified to any fact or condition which would support even an inference that defendant in error's incapacity of whatever degree, would continue for, or end at, 200 weeks. The testimony was, on the one hand, that defendant in error was only partially incapacitated and that such condition would extend from 4 to 12 weeks, and, on the other hand, that he was totally incapacitated, and that such condition was perma-

nent. There was no middle ground with the witnesses testifying upon the condition and its duration, and all such testimony came from divided camps of medical experts. The jury found total incapacity, and, affirmatively, against partial incapacity. Plaintiff in error concedes that these findings were supported by ample testimony, but grounds his appeal upon the sole contention that the finding of 200 weeks' total incapacity was without any evidence to support it, wherefore, it is contended, the unsupported finding can be no proper basis for judgment. Counsel for plaintiff in error argues the proposition with much ingenuity, and impressive earnestness.

We have concluded, however, that only defendant in error could complain of the verdict and judgment. The finding of total incapacity is concededly conclusive, and the evidence shows, and plaintiff in error concedes — in fact argues ably — that in the present state of the record, if the incapacity was total, it was necessarily permanent, since the evidence of totality was indissolubly interlocked with the evidence of permanency. That being the case, defendant in error was entitled to a finding of permanency, and to judgment for the full award of 401 weeks' compensation, as a matter of law. The finding fell short of the compensable period, and the judgment cut in half the statutory award. In such case the insurance carrier profited by the miscarriage, and the employee only could complain. He has not done so, and the judgment must be affirmed.