## MARYLAND CASUALTY CO. v. BROWN.
### No. 10116.

Court of Civil Appeals of Texas. San Antonio.

Oct. 20, 1937.

Rehearing Denied Nov. 24, 1937.

R. H. Mercer and H. C. Covington, both of San Antonio, for appellant.

Kazen & Kazen, Hicks, Dickson & Lange, and James M. Williamson, all of Laredo, for appellee.

SMITH, Chief Justice.

This is an action arising under the Workmen's Compensation Act (Vernon's Ann. Civ.St. art. 8306 et seq.), in which the Gateway Chevrolet Company of Laredo, was the employer, Sid Brown, the employee, and Maryland Casualty Company, the insurance carrier. Brown was injured on a highway in the Republic of Mexico, while alleged to have been engaged in the course of his employment. He recovered upon a jury trial, and the Casualty Company has appealed.

The accident occurred near the city of Nueva Laredo, immediately across the Rio Grande from Laredo, Tex., where the employer's place of business was located.

The policy of insurance under which appellee recovered in this case undertook to restrict the liability of the insurer in this language: "Liability. I. (b) To Indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. * * *"

It is provided in the Compensation Law that: "If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas,

shall be entitled to the same rights and remedies as if injured within the State of Texas." Article 8306, § 19, R.S.1925, as amended by the Acts of 1931, 42d Leg. p. 133, ch. 90, § 1 (Vernon's Ann.Civ.St. art. 8306, § 19).

The appeal presents the primary question of whether, under the statute and by the terms of the contract relating to the territorial operation of its provision, the employee shall be denied compensation because of the fact that the injury complained of was sustained by him while he was for the time being in the Republic of Mexico.

■ Speaking generally, the contractual restriction of liability to injuries occurring in this country and the Dominion of Canada would be a lawful one, and enforceable, as written. Applying the usual rules for construction of contracts, under the quoted provision of the policy here involved, the employee, in order to recover, would be required to show that he received the injuries complained of while he was "within the territorial limits of the United States of America or the Dominion of Canada."

■ It being conceded here that appellee was without those territorial limits, and within the republic of Mexico, at the time he was injured, the inquiry here may be narrowed to the question of whether the contractual stipulation against liability for injuries occurring outside the named territorial limits shall give way to the statutory provision for liability for injuries received "outside the State." The statutory provision, as it stands, is so broad as to include all the world. Under elemental rules of construction applied in compensation cases, it must and should be liberally construed in favor of the employee.

■ Under the law, and by express language of the contract adopting the whole body of the Compensation Act as a part of it, the provision of that act, that the employee is entitled to compensation even though his injury was received by him "outside the State" the same as if received within its confines, became a part of the contract, and, we hold, paramount to the limitation written into the policy in derogation thereof. The specific question has not been adjudicated in this or any other jurisdiction, so far as we can discover, or have been informed, but the conclusion we have reached seems to be supported, in principle, by decisions in this state. Norwich Union Indemnity Co. v. Wilson (Tex.Civ.App.)

43 S.W.2d 473; Id., (Tex.Com.App.) 67 S.W.2d 225; Home Life & Acc. Ins. Co. v. Orchard (Tex.Civ.App. writ refused) 227 S.W. 705. We hold that under the statute, and notwithstanding the limitations in the policy sued on, the fact that he was injured while in Mexico did not deprive appellee of the right to compensation. Accordingly, we overrule appellant's propositions 1, 2, 3, 4, 5, and 10, in which this question is presented.

Appellee pleaded, and the evidence was such as to support a finding, that appellee sustained a compensable injury. After submitting the question of accidental injury, and other conventional issues usual to such cases, the trial judge submitted special issue No. 6, of total incapacity, instructing the jury that: "The term 'total incapacity,' does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment is regarded as having sustained total incapacity."

This was followed by issue 7, inquiring if the total incapacity, if found, was permanent. Those, and other subsidiary issues, were followed by issue 10, of partial incapacity, in this language: "Do you find from a preponderance of the evidence that as a direct result of the personal injury, if any, sustained by Brown by reason of the automobile collision on July 2nd, 1935, he suffered or will suffer an incapacity to labor and earn money less than total incapacity as above defined herein?"

Issue 10 was followed by subsidiary issues 11, 12, 13, and 14, inquiring as to when the partial incapacity, if found, began, and if it was permanent, or temporary, and, if temporary, how long it continued. Those issues were followed by issue 17, as follows: "Taking One Hundred Per cent as the normal capacity or standard, what do you find from a preponderance of the evidence to be the percentage of partial incapacity that Brown has been reduced, if any?"

The jury was retired in due course, and after some deliberation, but before completing their verdict, they returned into court and informed the court that they were "in doubt as to the meaning" of issue 10 (partial incapacity), and "requested further explanation of the meaning of said special issue." The court refused to further instruct or explain the matter to the jury, and

sent them back for further deliberation upon the issues as written.

Subsequently, after further deliberation, the jury returned their verdict, in which they found, in answer to issues 6 and 7, that appellee's incapacity was total and permanent; and in answer to issues 10, 11, 12, and 17, that said incapacity was partial, that it began on the date of injury, and was permanent, and that, taking 100 per cent. capacity as normal, the partial incapacity was 50 per cent.

When the trial judge inspected the verdict so returned, he refused to accept it, and directed the jury to retire and further deliberate, with this further instruction:

"Gentlemen of the Jury:

"Your verdict will not be accepted because it is conflicting in this:

"In answer to Special Issues Nos. 6 and 7, you find that Brown suffered total incapacity which is permanent while in answer to Special Issue No. 10 you find that he suffered incapacity less than total.

"Total incapacity and incapacity less than total cannot exist during the same period of time, and the findings that it does so exist are conflicting.

"It is not the purpose of the court to indicate to you how to answer the issues so as to reconcile the conflict but merely to point it out to you.

"If you change any of the answers to Special Issues Nos. 6, 7, or 10 in order to reconcile the conflict, then you will reexamine your answers to the other issues, the answering of which is dependent upon the manner in which other issues may have been answered."

Appellant objected to the foregoing supplemental charge upon the grounds, in effect, that the same was a general charge, was a comment upon the weight of the evidence, informed the jury of the legal effect of their answers, and pointed out the conflicts and inconsistencies, and was therefore "improper and prejudicial" to appellant. The court overruled the objections, and appellant excepted to the ruling.

Thereafter, upon further deliberation under said instruction, the jury returned their verdict into court, with these changes from their original verdict: The jury changed their answer to special issue 10 from yes to no, thereby reversing their first finding that appellee was partially incapacitated; they omitted their original findings, that the partial incapacity began at the date of the injury, was permanent, and was 50 per cent. of normal capacity.

The supplemental charge given by the trial judge to the jury when he rejected their first verdict and sent them back for further deliberation, and giving them an opportunity to further deliberate and eliminate the conflicts in findings, is made the subject of complaint in appellant's sixteenth, seventeenth, and eighteenth propositions. Appellant did not, at the time of the incident, move for judgment, or for mistrial, or for any other procedure, but objected only to the supplemental instructions then and there given the jury, upon the grounds stated.

The Workmen's Compensation Act specifically prescribes two degrees of general incapacity (as distinguished from specific injury); one total, the other partial. Sections 10, 11, art. 8306. The case is not one of specific injury, but is one of general injury, or incapacity, as contemplated in the statute. The two degrees are separately treated in the act, and separate, distinct compensation is provided for each classification. In case of total incapacity, the employee is given the right to compensation at the rate of 60 per cent. of his average weekly wage before the injury, not to exceed 401 weeks (section 10); in case of partial incapacity his compensation is fixed at the difference between 60 per cent. of his average weekly wage before the injury, and his average weekly earning capacity during the existence of his disability, not to exceed 300 weeks, and the combined period of compensation in case of part-time total and part-time partial incapacity may not exceed 401 weeks. Section 11. Partial incapacity therefore affords the insurer a valuable defense against a claim of total incapacity, and the employee an equally valuable cause as an alternative for total incapacity, if the latter is denied him.

It follows that total incapacity and partial incapacity constitute two separate, distinct, and important issues in a compensation case, where the evidence raises both issues, as in this case. Legally, and for the purpose of determining the basis of compensation, they cannot exist concurrently, although, as a practical matter, jurors, for instance, may become confused by the homely idea that one totally incapacitated must, of course, be partially incapacitated in any and every

degree, as well; that total incapacity includes every degree of partial. But that does not aid in the solution of this case. The remedy is a purely statutory one, and must be applied according to the statute. And since the statute specifically separates total incapacity from partial, and prescribes different compensations for each, the courts are bound by those classifications, and must apply the statutory remedies to them, respectively, in accordance with those classifications.

■ It would seem to follow, then, as a matter of course, that both permanent total incapacity, and permanent partial incapacity, cannot exist concurrently. This is so because of the plain provisions of the statute, which unequivocally classifies them as separate and distinct conditions, for each of which a separate schedule of compensation is provided and a separate measure of award is prescribed. We are not writing of nonconcurrent incapacities, where one begins when another ends, as is sometimes the case, in which event both elements are made operative, and appropriate award made for each. We are saying that, legally, and within the contemplation of the Compensation Act, total and partial incapacities cannot exist concurrently.

■ That being true, jury findings that an injured employee has suffered, or is suffering, both total and partial incapacity during the same period of time, are in irreconcilable conflict, and cannot support a judgment based upon either.

■ Here, then, the trial judge was confronted with a verdict embodying findings which were in direct conflict, prohibiting the entry of judgment. In such case it was his duty to point out the conflicts to the jury and send them back for further deliberation with the view of eliminating the inconsistencies, if they could in good conscience do so. The court performed that duty in this case with the utmost fairness and clarity, admonishing the jury that it was "not the purpose of the court to indicate to you how to answer the issues so as to reconcile the conflict, but merely to point it out to you." The supplemental instruction was not a comment upon the weight of the evidence, did not inform the jury of the legal effect of their answers, except to show that those previously returned were in conflict, and was not a general charge within the prohibition of the statute (Vernon's Ann. Civ.St. art. 2189), providing for the submission of special issues, as asserted by appellant; it was only an explanation of the issues submitted, made necessary under the circumstances of the case, and therefore permissible under the statute.

■ In this connection it may not be inappropriate to advert again to the difficulty the average juror may encounter in getting away from the handy assumption that total incapacity necessarily includes partial. This assumption has been adopted even by at least one of our appellate courts in a compensation case. Commercial Casualty Ins. Co. v. Strawn (Tex.Civ.App.) 44 S.W.2d 805. While this assumption may be loosely applied in the ordinary affairs of life, it does not prevail in compensation cases to the extent that the two conditions may run concurrently for the purpose of awarding compensation. In order to avoid the confusion of juries, so apparent in this case, trial judges should carefully prepare the issues of incapacity, so that the jury may distinguish partial incapacity, only, from the term generally; so that the incapacity inquired about may be confined, or limited, to partial, as separate and distinguished from total; so that the jury may find that the incapacity was no more than partial. This confusion was made obvious in this case when the jury, reaching issue 10, as to partial incapacity, suspended their deliberations to request the trial judge to further explain that issue. The judge declined the request, and sent the jury back for further deliberation. Afterward, they returned an affirmative answer to the issue and then, when the judge pointed out that that answer, and their answers to issues 6 and 7, finding permanent total incapacity, were in conflict because both conditions could not exist at the same time, the jury, after further deliberation, changed their answers to issue 10 from yes to no, thereby negativing partial incapacity and removing the conflict. Obviously, the judge's supplemental instruction relieved the jury of their doubt and confusion as to the meaning of issue 10, and, being thus relieved, they promptly answered the question.

■ We conclude that the judge acted well within his discretion and province in pointing out the conflict in the answers, and sending the jury back with instructions to further deliberate with the view of removing or reconciling the conflict.

We overrule appellant's propositions 16, 17, and 18. Speer's Special Issues, § 401; Wichita Valley Ry. Co. v. Southern Casualty Co. (Tex.Com.App.) 284 S.W. 940; St. Louis, S. F. & T. Ry. Co. v. Kaylor (Tex.Com.App.) 291 S.W. 216; St. Louis Southwestern Ry. Co. v. Larkin (Tex.Civ.App.) 34 S.W.2d 693; Denison Cotton Mill Co. v. McAmis (Tex.Civ.App.) 176 S.W. 621; Dick Co. v. Yanez (Tex.Civ.App.) 55 S.W.2d 600.

 It is contended by appellant in its tenth proposition that appellee had instructions from his employer not to solicit business in Mexico, and that since this accident occurred to appellee while soliciting business in that Republic he was not within the course of his employment. There is no evidence in the record that appellee had such instruction from his superiors, and the question is therefore not in the case. The evidence does show, conclusively, that the employer's salesmen, including appellee, did at times solicit business in Neuva Laredo, immediately across the Rio Grande from the employer's place of business, and that this was with the knowledge of their superiors, who at times actually participated in those negotiations. We conclude that in this state of the case, the employee's right to compensation would not be affected by a finding that he had "instructions not to solicit business in the republic of Mexico." Even if he had had such instructions, of which there was no evidence, that fact would not have prevented his recovery, in view of the other facts and findings in the case. We overrule appellant's tenth proposition, and, for like reasons, its eleventh and twelfth propositions.

In its thirteenth, fourteenth, and fifteenth propositions appellant complains of the action of the trial court in directing the jury to find the rate of compensation as fixed in article 8309, § 1, 1st subd. 3, R.S.1925. We overrule those propositions for the reason that the record justified the court in referring the question to that subdivision for ascertainment. Moreover, if that reference was technically erroneous, it could not possibly have resulted in injury to appellant, since the evidence under article 8309, § 1, 1st subd. 2, if sufficient to invoke that subdivision, would have required an award at least equal to that found under article 8309, § 1, 1st subd. 3.

In its sixth, eighth, and ninth propositions, appellant complains of the form and substance of special issue 10, in which the question of partial incapacity was submitted. The issue is objected to upon the grounds that it was upon the weight of evidence, was conditional and duplicitous. We overrule those propositions, upon the conclusion that neither of them presents reversible error. The question as submitted includes the essential elements of the ultimate issue propounded, and no injury could have resulted to appellant because of possible slight deviations from the form urged by appellant. For like reasons, we overrule appellant's seventh proposition.

In its nineteenth and twentieth propositions appellant questions the sufficiency of the evidence to support the jury's findings upon the issues of total and partial incapacity, respectively. We think the evidence amply supported those findings, and overrule those propositions.

The judgment is affirmed.