### TRADERS & GENERAL INS. CO. v. SHELTON.

#### No. 2119.

Court of Civil Appeals of Texas. Waco.

June 8, 1939.

Rehearing Denied July 13, 1939.

Lightfoot, Robertson, Gano & Johnston, of Fort Worth, and Lovett & Lovett, of Corsicana, for plaintiff in error.

Gillen, Francis & Gallagher, of Dallas, for defendant in error.

ALEXANDER, Justice.

This is a workmen's compensation case. The jury found that the employee suffered an injury in the course of his employment which totally and permanently disabled him and that manifest hardship and injustice would result if he should not be paid his compensation in a lump sum. Judgment was entered in his favor accordingly. The insurance company appealed.

It was a closely contested issue as to whether the injured employee's incapacity was total and permanent or only partial and temporary. The insurance company contended that, at most, the employee would be only partially incapacitated in the future. The court submitted the issue to the jury in the following language:

"Has or will plaintiff, A. B. Shelton, suffer any partial incapacity to labor as a result of the injuries, if any, sustained on November 17, 1936? Answer 'Yes' or 'No.'"

"If you find from a preponderance of the evidence that he has not or will not suffer any partial incapacity, let your answer be 'No,' otherwise you will answer 'Yes.'"

The above issue was objected to "for the reason that the same is misleading and duplicitous in that it submits two questions in one, namely, whether or not up to the date of this trial the plaintiff, A. B. Shelton, has suffered any partial incapacity to labor, and also whether or not from and after the date of this trial, the plaintiff will in the future suffer a partial incapacity to labor." We are of the opinion that this objection should have been sustained. In several other cases, issues similar to the one here under consideration have been held not to submit to the jury two questions of fact in the same issue. Traders & General Insurance Co. v. Patterson, Tex.Civ.App., 123 S.W.2d 766, par. 11; Fidelity & Casualty Co. of New York v. Branton, Tex.Civ.App., 70 S.W.2d 780, par. 13; Maryland Casualty Co. v. Brown, Tex.Civ.App., 110 S.W.2d 130; Traders & General Insurance Co. v. Baker, Tex.Civ.App., 111 S.W.2d 837. However, in the cases cited, it should be noted that the issue was not followed with an explanation such as was given in this case. Here, the court, by instructing the jury, "If you find from a preponderance

of the evidence that he has not or will not suffer any partial incapacity, let your answer be 'No,' otherwise you will answer 'Yes,'" in effect, told the jury that if they found that the injured employee had not suffered any partial incapacity up to date, or if they found that he would not suffer any partial incapacity in the future, then, in either event, they should answer the question "No." The evidence established rather conclusively that the employee's incapacity prior to the trial had been total, but there was considerable evidence that his condition would improve in the future. Under the court's instructions, the jury was required to answer the issue "No" if they believed that his incapacity had been total and not partial prior to the trial even though they might find that his incapacity would become only partial at some date subsequent to the trial. It is apparent that the issue presented in a single question two groups of controverting facts, one of which might be answered "Yes" and the other "No," to which the jury was required to give a single answer of "Yes" or "No." This was in violation of the provisions of R.S. art. 2189. 41 Tex.Jur. 1100, 1105; Stinnett v. Paramount-Famous Lasky Corporation of New York, Tex.Com.App., 37 S.W.2d 145, par. 1; Lumbermen's Reciprocal Association v. Wilmoth, Tex.Com.App., 12 S.W.2d 972, par. 4.

On account of the error above indicated, the judgment of the trial court is reversed and the cause is remanded for another trial.