**SOUTHERN UNDERWRITERS et al. v. BOSWELL.**

No. 14085.

Court of Civil Appeals of Texas. Fort Worth.

May 3, 1940.

Rehearing Denied June 7, 1940.

Bullington, Humphrey & King, of Wichita Falls, and Will R. Saunders and Henrey D. Akin, both of Dallas, for plaintiffs. in error.

Gillen, Francis & Gallagher, of Dallas, for defendant in error.

SPEER, Justice.

This is a workmen's compensation case. Plaintiff, R. D. Boswell, instituted this suit against Southern Underwriters and United Employers Casualty Company, to which we shall hereinafter refer as defendants, to set aside an award of the Industrial Accident Board, and to recover compensation for injuries alleged to have been sustained, while in the course of his employment for Jennings Drilling Company.

Plaintiff's petition contains all necessary jurisdictional allegations; that on July 30th, 1938, the employer was engaged in operating oil well drilling equipment and was a subscriber under the Workmen's Compensation Act; that defendants were the carriers of insurance under which plaintiff was protected and that on the date mentioned he received an injury. The petition describes the nature of the work being done by plaintiff at the time of the injury and that while in a forward, stooping position, fixing equipment to break down a pipe that was being drawn from a well, another employee, who weighed 180 pounds, fell out of the derrick, a distance of about 80 or 85 feet, and struck plaintiff on his neck and back, crushing him to the floor, resulting in serious and permanent injuries to his head, neck, back and hips, in the region of the sacrum.

Allegations were made that plaintiff was 42 years of age, previous to his injuries was in good health, strong and able to and did perform hard labor. That subsequent to receiving the injuries he was unable to work or do any kind of hard labor; that his injuries were permanent and that he, was totally disabled to perform hard labor for the rest of his life.

The petition declares that plaintiff was earning $6.50 per day when injured and that his average weekly wage for a year next previous to receiving the injury was $37.50. He plead alternatively facts en-

titling him to recover compensation, under each subdivisions 1, 2 and 3 of Section 1, Article 8309, V.T.C.S. He alleged that since he was injured, his debts had accrued to the extent of $375; that he had a wife and two children to support; that the maximum compensation of $20 per week would not pay his debts and support his family. He plead facts entitling him to a lump sum settlement and that he had employed lawyers to assist him in collecting compensation. Prayer was that the award of the Board be set aside and that he be given judgment for the maximum sum of $20 per week for 400 weeks, and that payment be required in a lump sum.

Defendants answered by general denial and a special plea that if plaintiff was suffering from any disabilities, they were produced by causes other than injuries sustained on July 30th, 1938, and are not compensable under the Workmen's Compensation Act.

Trial was had to a jury on special issues. The verdict was favorable to plaintiff. A motion was made by plaintiff for the court to disregard the jury's answers to special issues 13 and 14, because there was no evidence to support either, and that having so disregarded said answers, to enter judgment for plaintiff non obstante veredicto upon the remainder of the verdict. The answers to special issues requested by plaintiff to be disregarded were referable to plaintiff's average weekly wage rate, based on subdivision 1 of Section 1, Article 8309, supra, and the amount found by the jury as his average daily earnings during the preceding year. Plaintiff's motion, the notice thereon and the hearing by the court, are in compliance with Article 2211, V.T.C.S., as construed by the Supreme Court in Myers et al. v. Crenshaw et al., 137 S.W.2d 7. The motion was sustained by the court (to which action no complaint is made by defendants) and judgment was entered, setting aside the award of the accident board, declaring this a special case, in which a lump sum payment should be made, and the amount so awarded divided, two-thirds to plaintiff and one-third to his attorneys. Motion for new trial by defendants was overruled and appeal perfected to this court by writ of error and supersedeas bond.

Special issue No. 1 is the object of defendants' first and second propositions relied upon for reversal. That issue reads: "Do you find from a preponderance of the evidence that on the 30th day of July, 1938, the plaintiff R. D. Boswell sustained an injury to his body when he was struck by a man falling out of the derrick, while working for Jennings Drilling Company?" The answer was: "Yes." Following the inquiry we find in the charge a proper definition of the term "injury".

The answer to special issue No. 2 found that Boswell was in the course of his employment with the drilling company when injured.

The two propositions urged by defendants are: (1) the first special issue is too general, speculative and is not confined to the pleadings and proof, and (2) because it is duplicitous and multifarious, and is upon the weight of the evidence, in that it assumes plaintiff did sustain an injury in the manner inquired about.

The issue standing alone is subject to some of the objections presented in the propositions. Defendants' first proposition is based upon the rule announced by this court in Federal Underwriters Exchange v. Arnold, 127 S.W.2d 972, writ dismissed, correct judgment, and authorities there cited. It is too obvious to require citation of authorities that the issue, as framed, is multifarious, in that inquiry is made, (a) did plaintiff sustain an injury, (b) was the injury caused by being struck by a man falling out of the derrick, and (c) was he working for Jennings Drilling Company (his alleged employer) when he was thus injured.

The apparent vice in the issue, as framed, is immaterial and worked no harm to defendants' rights, for the reason no fact contained in the inquiry is controverted in the testimony. We have carefully read all of the evidence, and it clearly appears that plaintiff did sustain a compensable injury on the date named, caused by a co-worker who weighed 180 pounds falling 80 or 85 feet from a derrick, striking plaintiff on the neck, shoulders and back, while he was in a stooping position, and that both men were in the course of their employment by Jennings Drilling Company. Several witnesses testified that they saw the accident; that plaintiff was knocked down on the floor, his head struck some hard object, he was unconscious for thirty minutes or more, they picked him up, bathed his face with ice water, put him in a car and took him to the hospital. He remained in the hospital about three weeks and received treatment for his injuries. It is un-

necessary to speculate or theorize upon whether or not such a situation would probably produce an injury. The doctor who treated him at the hospital was introduced by defendants and he testified that plaintiff was brought to the hospital on the day the accident was supposed to have occurred; that plaintiff was suffering from the effects of the injury and that there was no question in the witness' mind that plaintiff had suffered an injury on that day; that plaintiff improved during the time he was in the hospital, but was complaining of pain when he left.

It is well settled by the decisions of our courts that there is no necessity for the court to submit an issue to the jury for determination when the facts involved are undisputed. This is a sound doctrine because in such circumstances there is no controverted fact for the jury to determine. A fact or series of facts thus indisputably established become a question of law to be applied by the court in entering his judgment. It must necessarily follow that if a court submits as an issue such an established fact, irrespective of how he submits it or how it may be answered, the judgment to be entered cannot be affected by either. The issue complained of here should not have been submitted and its erroneous wording, or its incorporating more than one inquiry of facts, worked no harm to defendant. Fidelity & Casualty Co. v. Branton, Tex.Civ.App., 70 S.W.2d 780, writ dismissed; Fidelity & Casualty Co. v. Ener, Tex.Civ.App., 97 S.W.2d 267; Southern Underwriters v. Wheeler, 132 Tex. 350, 123 S.W.2d 340; Federal Underwriters Exchange v. Bullard, Tex.Civ. App., 128 S.W.2d 126, writ dismissed, correct judgment; Foster v. Woodward, Tex. Civ.App., 134 S.W.2d 417, writ refused; Federal Surety Co. v. Smith, Tex.Com. App., 41 S.W.2d 210; Traders & General Ins. Co. v. Mills, Tex.Civ.App., 108 S.W. 2d 219, writ dismissed; Berryman v. Norfleet, Tex.Civ.App., 41 S.W.2d 722, writ refused; Royalty Indemnity Co. v. Madrigal, Tex.Civ.App., 14 S.W.2d 106; Texas Employers' Ins. Ass'n v. Russell, Tex.Civ. App., 16 S.W.2d 321, writ dismissed; Security Union Ins. Co. v. Hall, Tex.Civ. App., 37 S.W.2d 811; Daniels v. Starnes, Tex.Civ.App., 61 S.W.2d 548, writ dismissed; Associated Indemnity Corp. v. Baker, Tex.Civ.App., 76 S.W.2d 153, writ dismissed. Propositions based upon the submission of the first special issue are overruled.

Third and fourth propositions complain of special issue No. 7, which reads: "Do you find from a preponderance of the evidence that plaintiff R. D. Boswell has or will suffer partial incapacity to labor as a result of the injuries, if any, sustained on July 30th, 1938?" The jury was requested to answer, "yes" or "no". The answer was "No."

One of the 36 pages of objections to the court's charge is devoted to objections to the quoted issue. The propositions presented in the brief embrace (a) because said issue is duplicitous and multifarious, and (b) because it improperly places the burden of proof on the defendant. As bearing upon the objection that it was duplicitous and multifarious, we find by reference to the objections filed with the trial court, all that is said is included in our subdivision (a) above. This is not such an objection to a charge as is contemplated by Article 2185, R.C.S. It was intended by that statutory provision that an objection must clearly present the objectionable part of the charge in such way as will enable the court to correct it. Southwestern Bell Telephone Co. v. Ferris, Tex.Civ.App., 89 S.W.2d 229. That the objection must be constructive and helpful to the court and enable him to readily understand its nature, so that the charge may be modified if found necessary. Guillot v. Halman, Tex.Civ.App., 91 S.W.2d 402; Ohio Casualty Ins. Co. v. Stewart, Tex.Civ.App., 76 S.W.2d 873, writ dismissed; Fort Worth & D. C. Ry. Co. v. Rowe, Tex.Civ.App., 69 S.W.2d 169. To be available on appeal, the objection must point out the particular portion of the charge objected to and state in what respect it is erroneous. Norwich Union Indemnity Co. v. Wilson, Tex.Civ. App., 17 S.W.2d 68, writ dismissed; Powell et ux. v. Rockow et al., Tex.Civ.App.. 58 S.W.2d 536, reversed by Supreme Court on other grounds, 127 Tex. 209, 92 S.W. 2d 437. In Associated Indemnity Corporation v. Baker et al., Tex.Civ.App., 76 S. W.2d 153, writ dismissed, the identical objection made in this case was held insufficient to authorize the court to consider it. To the same effect is the holding in Panhandle & S. F. Ry. Co. v. Friend et ux., Tex.Civ.App., 91 S.W.2d 922.

If it could be said that the objections made and now relied upon to bring the question before us were sufficient for that purpose, we think the issue as presented is not in violation of Article 2189,

R.C.S., which requires the court to submit separately and distinctly all issues raised by the pleadings and evidence. Insofar as the rights of the parties were concerned, the court was endeavoring to ascertain from the jury whether, under the evidence, the injuries of plaintiff would result in a partial disability to labor. The liability of defendants would not be affected by whether that degree of disability had already happened or would happen in the future. Defendants rely upon Traders & General Ins. Co. v. Shelton, Tex.Civ. App., 130 S.W.2d 903. The court in that case held that a similar issue was open to the objection of duplicity. The issue complained of in the Shelton case, supra, was followed by an explanation or instruction by the trial court, which the Court of Civil Appeals held distinguished it from many other cases holding to the contrary. Those cited by that court which were said to hold to the contrary are, Traders & General Ins. Co. v. Patterson, Tex.Civ.App., 123 S.W.2d 766, writ dismissed; Fidelity & Casualty Co. of New York v. Branton, Tex. Civ.App., 70 S.W.2d 780, writ dismissed; Maryland Casualty Co. v. Brown, Tex.Civ. App., 110 S.W.2d 130; Traders & General Ins. Co. v. Baker, Tex.Civ.App., 111 S.W. 2d 837, writ dismissed. We have read the cases cited and believe they pronounce a correct rule. The third proposition complaining of the issue because it was duplicitous and multifarious must be overruled.

Fourth proposition briefed by defendants with their third, complains because the issue, as submitted, improperly placed the burden of proof upon them. We do not so construe the issue as above quoted. Plaintiff sued for total permanent disability. Defendants, by their general denial, put in issue every phase of plaintiff's case upon which he could recover, thereby placing the burden of proof upon plaintiff. Defendants did not plead in defense that plaintiff's disability was temporary or partial, nor was it necessary for them to so plead to require plaintiff to establish by a preponderance of the evidence that his disabilities were such. The evidence, as to whether plaintiff's disabilities are total and permanent or whether they are partial, is conflicting. Defendants' doctor witnesses believed plaintiff had practically, if not entirely, recovered at the date of trial, from the effects of the injuries sustained. This evidence was introduced by defendants to negative or to disprove plaintiff's contention that his disability was total and permanent. The plaintiff having plead that he was entitled to recover for total and permanent disabilities, could under that plea recover for the lessor or a partial disability. Traders & General Ins. Co. v. Snow, Tex.Civ.App., 114 S.W.2d 682, writ dismissed; Commercial Casualty Ins. Co. v. Strawn, Tex.Civ. App., 44 S.W.2d 805, writ refused; Southern Underwriters v. Wolcott, Tex.Civ. App., 110 S.W.2d 251, writ dismissed, correct judgment; Traders & General Ins. Co. v. Milliken, Tex.Civ.App., 110 S.W. 2d 108, writ dismissed; Traders & General Ins. Co. v. Offield, Tex.Civ.App., 105 S.W.2d 359, writ dismissed; Traders & General Ins. Co. v. Slusser, Tex.Civ.App., 110 S.W.2d 598, writ dismissed, and cases there cited.

Where, as in this case, plaintiff having sought a recovery for total and permanent disability, if he had failed to establish a right to thus recover, he could, if the evidence justified it, recover for a partial disability. It was therefore incumbent upon him to have submitted the latter issue and the burden of proof was upon him to obtain a favorable answer. As we view this case, that is exactly what happened. The issue complained of was plaintiff's offensive issue and the burden was properly placed upon him by the court. Traders & General Ins. Co. v. Offield, supra, and cases there cited; Traders & General Ins. Co. v. Milliken, supra. We hold that the plaintiff was entitled to have submitted and that the court did submit special issue No. 7 as an offensive issue in behalf of plaintiff's case as plead; that the burden of proof was properly placed upon plaintiff and that the burden of proof was not placed on the defendants, as complained of. The proposition is overruled.

Defendants' fifth proposition complains of an instruction given by the court at the conclusion of his main charge. It reads: "In answering all of the issues in this charge with respect to incapacity or partial incapacity of the plaintiff, if any, you are instructed you may only take into consideration such incapacity, if any, that directly resulted from an injury, as that term has been defined, such diseases, if any, as naturally resulted from such injury, and the extent of aggravation, if any, of any pre-existing diseases or bodily defects existing at the time of such injury, if any.

You are instructed that you must not take into consideration in determining the amount of incapacity, if any, any disability which was the natural and probable result of any pre-existing disease or bodily ailment of the plaintiff."

In connection with the argument presented under the proposition, defendants refer to special issue No. 19, which reads: "Do you find from a preponderance of the evidence that the present incapacity to labor, if any, of plaintiff was not caused solely by arthritis?" Answered, "Not caused by arthritis."

The objection urged to the trial court before the charge was given is in part as follows: "Defendants object and except to the last portion of the court's charge beginning with the words 'and answer all of the issues' and ending with the words ———; because the same does not correctly state the law applicable to the case, and for the further reason that the same is in the nature of a general charge * * *."

The first part of the objection is unintelligible to us, as it no doubt was to the trial court; the objection that the charge did not correctly state the law applicable to the case is likewise insufficient to require a review by us of the instruction. Texas & N. O. R. Co. v. Petersilka, Tex.Civ.App., 176 S.W. 70; Walker v. Haley, 110 Tex. 50, 214 S.W. 295; Norwich Union Indemnity Co. v. Wilson, Tex. Civ.App., 17 S.W.2d 68, writ dismissed; Abilene & S. Ry. Co. v. Herman, Tex.Civ. App., 47 S.W.2d 915, writ dismissed; Coffee v. Blair, Tex.Civ.App., 92 S.W.2d 496, writ dismissed.

The special defense plead by defendants was as shown in the beginning of this discussion, that if plaintiff was suffering from any disability it was from causes other than injuries received by him on July 30th, 1938, and were not compensable. Defendants offered testimony of doctors to the effect that X-ray pictures made on the day of the accident disclosed that plaintiff had arthritis at the time; that his present condition, in their opinion, was caused by arthritis; that in many instances arthritis would grow worse, independently of whether the person suffered an injury, accidental or otherwise. Upon this evidence the court submitted special issue No. 19, by the wording of which plaintiff was required to procure a jury finding which negatived the special defense plead and upon which defendants offered testimony to support it. We see no injury to defendants' rights in the question and its answer.

The instruction by the court set out above, of which complaint is made, presents substantially a correct statement of the law applicable to a recovery in a workmen's compensation case; that or some similar instruction was necessary to enable the jury to properly pass upon and render a verdict on the issues. The provisions of Article 2189, R.C.S., which require the court to submit "Such explanations and definitions of legal terms as shall be necessary", etc., mean that it is the duty of the court to give all explanations and definitions, in connection with his charge, that are material and reasonably necessary to enable the jury to properly understand the language used in the issues propounded. Such explanations and definitions are not confined to strictly legal terms used in the charge. Reasonable necessity considering the language used in each case is the test. Robertson & Mueller v. Holden, Tex. Com.App., 1 S.W.2d 570; Lee v. Wilson, Tex.Civ.App., 91 S.W.2d 461, writ refused; Fort Worth Sand & Gravel Co. v. Peters, Tex.Civ.App., 103 S.W.2d 407, writ dismissed.

Nor do we think the portion of the charge complained of was in any sense a general one. It was in all respects a guide to the jury in arriving at proper answers to the issues therein referred to. It is fundamentally true that because an explanation, definition or instruction given in connection with special issues has not within its language an inquiry of some controverted issue, that it thereby becomes a general charge. Dallas Ry. & Terminal Co. v. Ector, 131 Tex. 505, 116 S.W.2d 683.

It will be observed that by the answer to special issue No. 19, the jury found from a preponderance of the evidence that plaintiff's incapacity to labor was not caused solely by the disease of arthritis. This was the only disease or ailment attempted to be proved by defendants as against plaintiff's contention of total and permanent disability. We think that under the conditions and circumstances of this case it was proper for the court to give the explanation complained of, to the end that the jury could answer the issues pertaining to the various grades of disability, and percentages thereof. It seems to be the settled law in this State that, "Where injury is sus-

tained by an employee in the course of his employment which results in his disability within the meaning of our Compensation Law, compensation therefor will not be denied, notwithstanding said injury is aggravated or enhanced by the effect of diseases existing at the time, or afterwards occurring." Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72, 74, approved by Supreme Court. We see no merit in the proposition urged and it is overruled.

Defendants' propositions 6, 7 and 8 relate to the admission in evidence offered by plaintiff affecting his right to have his wage rate fixed under subdivision 2 of Section 1, Article 8309. Proposition 9 challenges special issue No. 15 pertaining thereto.

It is unquestionably true that plaintiff was required to have his compensation fixed by one of the three subdivisions referred to; that is, the rate must be fixed, first under one, if it can be done; if not under that subdivision, then under two, and if it cannot be fixed under either, then under three.

In the interest of brevity, we shall only give the substance of subdivisions one and three, but will quote number two. Subdivision one provides that if the injured employee has worked at the same employment for substantially a year immediately preceding the date of his injury, his average weekly wage rate shall be fixed at three hundred times his daily wage. Second, or number two, reads: "If the injured employé shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employé of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed." Number three provides that when the average wage rate cannot be fixed by either subdivision one or two, or if for other good and sufficient reasons it is impracticable to compute his average weekly wage rate from one or two, it shall be computed in any manner which may seem just and fair to both parties.

The question of whether plaintiff had worked at similar employment for substantially the whole of a year immediately preceding the date of injury was eliminated by the uncontradicted evidence that he had not done so.

It is contended by defendants that there was no proper evidence upon which to submit the inquiry embraced in special issue No. 15, quoted below, regarding second subdivision of Section 1, supra. On the point involved plaintiff testified substantially that he had been engaged in oil fields for about 17 years working as a driller and as "roughneck"; that the time so spent was about equally divided between the two classes of work; that he went to the "KMA" oil field in Wichita County, October 11th, preceding the date of his injury the following July; that during the ten months he was in that field he was either working or looking for work; that during the time he was looking for work he was in contact with employers who used roughneck labor; that during the twelve months before his injury he would say, there was no one in that vicinity who had worked 300 days as a roughneck. Witness Randle, an employee on the work with plaintiff when the accident happened, said he had been engaged in roughneck work for 19 years; that he lived in Wichita County during the year next preceding the date of the accident, and worked about half time and was looking for similar work the remainder of the time; that he did not know of any one in that vicinity who had performed similar labor for 300 days during the whole of the preceding year; that to his knowledge no one had worked that much. Witness Hames testified to substantially the same thing as did plaintiff and Randle.

The testimony of each of the witnesses named was objected to by defendants upon the grounds that no proper predicate had been laid and because it was of necessity based upon hearsay, and amounted to conclusions upon the part of the witnesses. After the objections were overruled, defendants' counsel ascertained from the witnesses that all they knew about whether or not any other employee had worked as much as 300 days during the preceding year before July 30th, 1938, was from what they had been told by such persons.

■ We are not unmindful of the general rule applicable to hearsay evidence. Even that rule is not without many well established exceptions; they are based upon necessity, practical common sense, and upon the supposition that the circumstances surrounding each situation, the proposed

evidence, affords a sufficient probability of its truth to enable a jury to weigh it as a circumstance tending to establish the fact sought to be proved.

The record in this case reveals that the KMA oil field in Wichita County is a large one and that there was much activity there at the time of and prior to the date involved here; even absent such evidence, those facts are common knowledge, as well also that Wichita County embraces a vast oil area where many workmen are employed; in such circumstances it would be all but a physical impossibility to prove that none of those engaged in employment like that of plaintiff had worked as much as 300 days during the year immediately preceding July 30th, 1938. The language used in the third subdivision of Section 1, supra, leads us to believe that no hard and fast rule of construction should be applied in a way that would deprive an injured employee from proving his right to compensation under our Workmen's Compensation Laws. It is provided by the Act in substance that if the average weekly wage cannot be ascertained under subdivisions one or two or for "other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined [under one and two], it shall be computed by the board [or court] in any manner which may seem just and fair to both parties."

It will be observed that two of the witnesses who testified upon the point had worked part time at "roughnecking" in that oil field during the year immediately preceding the accident, and what time they were not working they were looking for work, and contacting other people engaged in the work, and that neither of them knew of any who had worked for 300 days of that year; the plaintiff had not been there the whole time, but a similar investigation prompted him to say that he knew of none who had so worked. It occurs to us that the witnesses were qualified to express their opinion in the matter as a circumstance for consideration by the jury. It is true they admitted upon cross examination that their testimony was based upon what they had been told, but it seems that it would have been impracticable to have ascertained whether or not any out of so many had so worked in any other manner. Moreover, under a very strict construction of subdivision two, if any had been found who had worked for 300 days during the year,

plaintiff's compensation would have been fixed at three hundred times the average daily wage paid to such one; then the amount of that daily wage would have to be proved and again plaintiff would have been confronted with the impractical difficulty in ascertaining the amount of such daily wage in some manner other than by what the employee or his employer should say about it. In such a situation we think necessity would require a relaxation of the strict rule applicable to the admission of hearsay evidence.

It is now well settled by our courts that a liberal construction of our compensation law should be applied to afford the relief to injured employees and not to defeat the purposes for which the law was enacted. With this in view, our courts have held that in such cases as this, where there is no real effort made by the insurance carrier to disprove such facts as were established in the manner as was attempted in this case, a small amount of evidence was sufficient to discharge the burden cast upon the employee. Federal Underwriters Exchange v. Stewart, Tex.Civ. App., 109 S.W.2d 1031, writ dismissed; Traders & General Ins. Co. v. Crouch, Tex. Civ.App., 113 S.W.2d 650, writ dismissed; Traders & General Ins. Co. v. Huntsman, Tex.Civ.App., 125 S.W.2d 431, writ dismissed, correct judgment; Federal Underwriters Exchange v. Arnold, Tex.Civ.App., 127 S.W.2d 972, writ dismissed, correct judgment.

In support of their contention, defendants cite and rely upon Traders & General Ins. Co. v. Rhodabarger, Tex.Civ.App., 93 S.W.2d 1180, writ dismissed. There is language used by the court in that opinion which condemns the admission of such evidence as was admitted in the instant case, but the court held that because there was other evidence to the same effect, to which no objection was made, reversal was not required. The authorities above cited by us are cases decided since the Rhodabarger case, supra, and writs were dismissed by the Supreme Court in each of them, two bearing the additional notation, "correct judgment". We feel that the cases cited by us are more nearly in accord with what is "just and fair to both parties"; we therefore follow them. Propositions 6, 7 and 8 must be overruled.

Ninth proposition complains because special issue No. 15, based upon the evidence last discussed, erroneously placed

the burden of proof on defendants. The issue is in these words: "Do you find from a preponderance of the evidence that any employee of plaintiff's class worked substantially the whole of the year preceding July 30th, 1938, in Wichita County, Texas, or in a neighboring place in employment the same or similar to that which plaintiff was performing for Jennings Drilling Co.?" The answer was, "No."

 The burden of proof was on plaintiff to establish that he could not have his average wage rate fixed under subsection 2 of Section 1, before he could resort to number three. The manner in which the inquiry was made is susceptible to the construction given it by defendants, but we do not consider that it is necessarily so. The rate could not be fixed under subsection two if there were no persons who had worked at similar employment in that vicinity for 300 days during the preceding year. Perhaps the better way to word such an issue is to inquire of the jury if they find from a preponderance of the evidence that there were no other employees of that class in that vicinity who had worked for 300 days during the preceding year. Such an issue answered in the affirmative in this case would have carried the same meaning as did the one here complained of. In other words, the negative answer given by the jury, when read with the question, means that the jury found there was no other employee of plaintiff's class who worked substantially the whole of the preceding year in that vicinity. If the inquiry had been framed in the manner first above suggested and the jury had answered other than in the affirmative, the verdict would have been without support in the evidence. The finding by the jury is the only one that could find support in the evidence. We fail to see how defendants have suffered any substantial wrong from the manner in which the issue was propounded.

Rule 62a for Courts of Civil Appeals provides, among other things, that judgments will not be reversed for an error of the trial court, "unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case * * *". See also Silliman v. Gano, 90 Tex. 637, 39 S.W. 559, 40 S.W. 391, and Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314, 316.

We conclude that because of the manner in which special issue 15 was submitted and answered, with the undisputed evidence as we have indicated, defendants have been deprived of no right of which they could have availed themselves, under the record before us, if the issue had been otherwise framed.

For the reasons herein set out, we hold that no error is shown in this record which would require a reversal of the judgment entered. It is therefore affirmed.