### FEDERAL UNDERWRITERS EXCHANGE v. TUBBE.

### No. 4338.

Court of Civil Appeals of Texas. Beaumont. Feb. 28, 1946.

Rehearing Denied April 3, 1946.

John T. Gano, of Ft. Worth, and A. J. Thompson, of Nacogdoches, for appellant.

Fulmer & Fairchilds, of Nacogdoches, and E. B. Lewis, of Center, for appellee.

MURRAY, Justice.

This is a workman's compensation case in which the appellee, Jack Tubbe, recovered a judgment in the trial court against the appellant, Federal Underwriters Exchange, for total and permanent disability. This is the second appeal of this case, the first having resulted in an affirm-

ance of a judgment for total and permanent disability by the Amarillo Court of Civil Appeals, 180 S.W.2d 473, and a subsequent reversal by the Supreme Court, 183 S.W.2d 444. The case was reversed by the Supreme Court because of error in admitting in evidence improper testimony relating to wage rate of the injured employee. This question of wage rate is not now before this court on this appeal, the parties having stipulated on the trial as to the compensation rate of the appellee.

The appellee alleged that on June 29, 1942, while in the course of his employment with San Augustine Manufacturing Company, he was injured in Shelby County, Texas, by slipping and falling over a log, striking his right side and back and injuring his right kidney and lower back; that because of such injury and resulting disease and infection he was totally and permanently disabled; that this condition of disability did not exist in any degree or respect prior to June 29, 1942, and was therefore wholly the result of said injury and the resultant disease and infection caused therefrom. The appellant, in answer to such pleading, pleaded a general denial and a special denial that the appellee had sustained the accident and resulting injuries, or the disability as claimed by him, and in the alternative pleaded that in the event the disability was suffered, it was only temporary and was only partial, and further pleaded that if such appellee was suffering from the disabilities claimed the same were the result of the injuries sustained by him subsequent to the date of the alleged accident and injuries involved therein, and further pleaded that such subsequent injuries were the sole cause of his disability, if any, or a part of such cause. The appellee testified that on June 29, 1942, he was working with a woods gang and while doing so he fell over a log with his right side across the log, that he was unconscious briefly and about ten minutes after his fall began to pass almost pure blood with his urine and was sick and in great pain, that the next day he went to see a doctor for treatment, that he continued to go out on the job and try to work but that he was unable to attend to his duties and did not work; that on July 25, 1942, while working for the same employer in Sabine County, and while still bleeding from the fall of June 29th, he fell on a creek bank and thus caused his bleeding and pain to become worse. He has not worked for his said employer since July 25th.

The appellant's first point complains of that portion of the court's charge which defined "Natural result," as follows: "The term, 'natural result,' as used in this charge, means the result produced by an accidental injury, if any, by itself or in connection with another cause or causes, in the usual course of events, in a natural and continuous sequence, and which result would not have occurred but for such accidental injury, if any." It objected to such definition and instruction because it included the expression "or in connection with another cause or causes," and says that since the appellee had alleged in his pleading that his entire physical disability was the result of the accident of June 29th, and since the evidence shows that he suffered a second and noncompensable accident within less than one month after June 29th, it says the definition was erroneous because it implied to the minds of the jury that a finding could be based not only on the claimed accident of June 29th but also on the accident of July 25th. By its second point the appellant complained of special issue No. 14 as given in the court's charge, which read as follows:

"Do you find from a preponderance of the evidence that Jack Tubbe's incapacity to labor, if any is not due solely to an injury, if any, sustained by him on July 25, 1942? Answer: 'It is not due solely to an injury on July 25,' or 'It is due solely to an injury on July 25.'"

The jury's answer was, "It is not due solely to an injury on July 25."

The appellant's objection to such special issue was that the question of the relation of the accident of July 25th to the appellee's disability was limited in such issue to whether such accident of July 25th was the sole cause of his incapacity and that the appellant was entitled to a submission to the jury asking for a finding as to whether or not such incapacity was due in part to such injury and accident of July 25th.

Appellant's third point complains of the action of the trial court in refusing to give its special requested issue No. 1, which read as follows: "Do you find from a preponderance of the evidence that Jack Tubbe's incapacity to labor, if any, is not due in part to an injury, if any, sustained by him on July 25, 1942? Answer: 'Yes' or 'No.'"

The appellant groups his first, second and third point together in his brief, and since they present closely related questions they will be so considered here.

The appellant takes the position that the appellee suffered two separate injuries, that the recovery based on the first accident would be defeated by a finding that the second accident contributed solely or partially to the appellee's disability. Under the authority of Jarrett v. Travelers' Ins. Co., Tex.Civ.App., 66 S.W.2d 415, we believe that the evidence and the findings of the jury present a case in which there was only one injury, which had its inception in the accident of June 29, 1942. and culminated in the accident of July 25, 1942, resulting in the appellee's incapacity to work. The insurer's liability here could not be made dependent upon whether the accident of June 29th was the sole cause of the appellee's disability and the court was not required to exclude the accident of July 25th as a contributing cause in his instructions in the charge. Texas Indemnity Insurance Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026. A number of cases in Texas hold that when injuries are sustained by an employee which result in his disability or death, compensation therefor will not be denied although the injury may be aggravated or enhanced by the effect of disease existing at the time or afterwards occurring. The same rule applies to an injury aggravated by another injury in a case such as this in which the employee is employed on the same job by the same employer, which is covered by the same workman's compensation insurance policy, at the time of both incidents. The court submitted to the jury in its special issue No. 14 the appellant's first defense, that is, whether the injury of July 25th was the sole cause of appellee's incapacity. The jury found against the appellant on this issue. The appellant by its special requested issue No. 1 requested the court to submit to the jury the question of whether appellee's incapacity to labor was due in part to the accident of July 25th. By this requested special issue the appellant did not request the court to submit a substantially correct issue presenting its defense that the July 25th accident partially caused or contributed to the appellee's incapacity to labor, in that it did not also request the subsidiary issue thereto requiring a jury finding as to the percentage of disability thus caused. Under Rule 279 of Texas Rules of Civil Procedure, the burden was upon the appellant to submit in writing to the trial court substantially correct issues which would have submitted the question of whether the accident of July 25th partially caused appellee's incapacity and the subsidiary issue inquiring as to the percentage of incapacity which was thus caused by the accident of July 25th. Southern Underwriters v. Cooper, Tex. Civ.App., 138 S.W.2d 563. Appellant's first, second and third points present no reversible error and they are overruled.

Appellant by its fourth point says the trial court erred in accepting the verdict of the jury and "their answers to special issues Nos. 6 and 7," which answers found that the appellee's total incapacity began June 29, 1942, and would continue permanently from June 29, 1942; it says the evidence was undisputed that after June 29th appellee continued to work until July 25th and was paid his regular salary and that between such dates he was able to, and did secure and retain employment, and hence the judgment for total and permanent incapacity for 401 weeks from June 29, 1942, has no support in the record, either in the pleadings or the evidence. We overrule this contention. The evidence shows that Tubbe was in severe pain and did very little work, if any, after June 29th, and that he was not able to work at all. It is well settled that the fact that an injured employee resumes work after an injury does not preclude a finding of total, permanent disability, but merely presents a fact to be considered by the jury in passing upon the question of the accident and duration of the incapacity. Southern Underwriters v. Grimes, Tex.Civ.App., 146 S.W.2d 1058; Traders & General Insurance Co. v. Collins, Tex.Civ. App., 179 S.W.2d 525, and cases there cited. The case of American General Insurance Co. v. Amerson, Tex.Civ.App., 187 S.W.2d 912, cited by the appellant, presents a case in which the facts differ greatly from those involved in the instant case. In that case the injured employee worked for the greater portion of a year at good wages, for several employers, after the date of his claimed injury. No such facts are presented here, and the appellant's fourth point is overruled.

Appellant's fifth point complains of the action of the trial court "in permitting appellee Tubbe to testify that the physician treating him told him that he had.

a bursted kidney sloughing off." While the appellee was testifying on direct examination regarding his physical condition, his attorney asked the question, "Do you know why you couldn't?" and he answered as follows: "Well, he told me it was a bursted kidney sloughing off." Counsel for appellant objected to such statement as being hearsay. The court overruled the objection, whereupon the attorney for the appellee stated to the court that he withdrew the question and the court thereupon instructed the jury not to consider even the asking of the question because it had been withdrawn. Appellant excepted. Appellant says that the court gave no instruction to the jury to disregard the answer of the witness but the court merely instructed the jury not to consider the question. No error is presented by this point. The court's instruction to the jury not to consider even the asking of the question because it had been withdrawn excluded from the testimony both the question and any answer made thereto. The appellant did not request the court to instruct the jury not to consider the answer and made no motion in regard thereto, which was a necessary step to take if it desired that such answer also be included by the court in his instruction to the jury. See 64 C.J. p. 222, par. 234; 53 Am.Jur. 133.

■ The appellant's sixth point complains of certain features of the testimony of Dr. L. E. Giffin, who testified in behalf of the appellee. Dr. Giffin testified on the first trial of this case and died before the date of the present trial. His testimony from the first trial was read under a written stipulation of counsel. The particular part of the doctor's testimony to which exception was taken was as follows (the witness was speaking of the appellee Tubbe): "As well as I remember he brought in another specimen of urine for me to analyze for him and told me at that time that sometime between then and the first visit he had suffered some sort of injury to his back—low back."

We have determined from the record that Dr. Giffin was testifying under circumstances which show him to be a witness who had examined the injured man several times for the purpose of prescribing treatment. This is more fully discussed under appellant's seventh point. Without further discussion here, it is sufficient to say that under the circumstances the court

did not err in permitting the witness to mention briefly in his testimony that the appellee had told him "that he had suffered some sort of injury to his back—low back. "The statement thus made did not attempt to relate any of the details of the manner in which the accident occurred and hence does not fall within the exception to the general rule which is discussed in the case of Texas Employers Insurance Ass'n v. Morgan, Tex.Civ.App., 187 S.W. 2d 603. We think the question presented is controlled by the rule as stated in the cases of Walker v. Great Atlantic & Pacific Tea Co., 131 Tex. 57, 112 S.W.2d 170; Pullman Palace Car Co. v. Smith, Tex. Sup., 14 S.W. 993, 13 L.R.A. 215, 23 Am. St.Rep. 363. Even if such testimony by Dr. Giffin could be deemed improper its admission was harmless because substantially the same testimony was in the record by the testimony of other witnesses, notably that of Tubbe himself and Dr. Tucker, who testified in behalf of appellant. See Norwich Union Indemnity Co. v. Smith, Tex. Civ.App., 3 S.W.2d 120; Id., Tex.Com. App., 12 S.W.2d 558.

■ By its seventh point, appellant complains of the action of the trial court in permitting Dr. Giffin to testify in regard to the extent and duration of appellee's disability on the ground that such witness had testified that he had merely examined the appellee and had not treated him, and that his opinion was based on the subjective symptoms and on the history of the case given to him by the appellee. On the former appeal of this case, Federal Underwriters Exchange v. Tubbe, 180 S.W.2d 473, the Court of Civil Appeals properly disposed of this same contention. We agree with the holding in that opinion, that there is no evidence tending to show that Dr. Giffin examined the appellee for the purpose of qualifying as a witness. We also believe that the record contains evidence that Dr. Giffin examined the appellee for the purpose of treating him and since the appellee was then being treated by another physician, Dr. Tucker, he prescribed for him a continuation of the treatment which Dr. Tucker was prescribing. His examinations of the appellee were made before any suit was filed or before any claim for compensation was filed. Such a fact situation was sufficient to warrant the trial court in concluding that the doctor had not examined appellee to qualify as a witness. This being the status of

the doctor as a witness, his testimony was admissible.

■ By its eighth point the appellant complains of the language contained in special issue No. 8 of the court's charge, which read as follows: "Do you find from a preponderance of the evidence that Jack Tubbe had sustained or will sustain partial incapacity as the natural result of such injury? Answer: 'Yes' or 'No.'"

Appellant says that the use of the phrase "has sustained or will sustain" constituted a comment on the weight of the evidence, was misleading and duplicitous, and relies on the case of Traders & General Insurance Co. v. Shelton, Tex.Civ.App., 130 S. W.2d 903. In the case of Traders & General Ins. Co. v. Carlile, 138 Tex. 523, 161 S.W.2d 484, in an opinion adopted by the Supreme Court, the Commission of Appeals expressly held that such a special issue was not subject to the criticism either that it is on the weight of the evidence or that it is a general charge, and further held that such an issue was not subject to the criticism of multifariousness to the extent of requiring a reversal. The opinion points out that the rule announced in the case of Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280, is controlling on such a question rather than the case of Traders & General Ins. Co. v. Shelton, Tex.Civ.App., 130 S.W.2d 903. Appellant's eighth point is overruled.

No harmful error being presented by the appellant, the judgment of the trial court is affirmed.