**DOZIER v. JARMAN.**

No. 6240.

Court of Civil Appeals of Texas. Amarillo.

Oct. 20, 1952.

E. O. Northcutt and E. T. Miller, Amarillo, for appellant.

Gordon, Gordon & Buzzard, Pampa, for appellee.

MARTIN, Justice.

Appellee, I. C. Jarman, sued appellant, J. E. Dozier, for a debt in the total amount of $11,051.60. Appellee's pleadings allege two separate items of debt as constituting the total amount in issue. The principal amount of the recovery was sought under pleading of an account stated in the amount of $12,532.83. Certain credits were allowed against this sum. The second item in appellee's pleading is a sworn account in the amount of $3,946.96 for merchandise delivered to appellant following the accrual of the account stated. Appellant defended this cause of action upon the proposition that when appellee completed his business transactions with the appellant it was agreed between them that all indebtedness of appellant was cancelled.

On trial of the cause the jury found that appellant was indebted to appellee in the amount of $13,981.86. This sum is in excess of the debt sought by the appellee in his pleadings. The jury also found under special issue No. 3 that there was no agreement between appellant and appellee that upon appellee receiving back from the appellant all of the merchandise then on hand, and the bills receivable, that he was to release appellant from the debts as due. Upon these findings of the jury the trial court

entered judgment for the appellee in the sum of $11,051.60 as shown by his pleadings.

■ Appellant's point one asserts that the court erred in submitting "the question of whether the bookkeeper of Jarman and Dozier established the sum of $12,532.83 as of the beginning of the year 1950, as then owing to the plaintiff." The theory of appellant's objection is that there was no pleading and no evidence to sustain the issue that Jarman and Dozier had a joint bookkeeper. The issue might be somewhat ambiguous by reason of the language used, but in the light of the record it is clear that the sole issue was whether an account stated was established between appellant and appellee by correspondence of the bookkeeper of appellee as had with appellant Dozier. No error is shown in submission of such issue as appellee clearly pleaded an account stated in the amount of $12,532.83 and the uncontroverted evidence established such account as due from appellant to appellee in the amount of $12,532.83. Appellee's pleading will not be quoted but on this issue the evidence reveals that appellant wrote the appellee as follows: "In answer to your letter of February 17 regarding our balance as of beginning of 1950. Our books show a balance of $12,532.83, which agrees with your books."

The undisputed evidence established the account stated as pleaded by appellee. Therefore no issue was required to be submitted to the jury and error did not arise by reason of submission of special issue No. 1. Appellant's point 1 is overruled. Freeman v. Magnolia Petroleum Co., 141 Tex. 274, 171 S.W.2d 339, syl. 7; 1 Tex. Jur., Sec. 74, p. 371.

■ The appellant's second point asserts that the trial court erred in granting judgment for appellee for $11,051.60, in that under special issue No. 2 the jury found that defendant (appellant) owed the plaintiff (appellee) $3,946.96. Appellant's point 3 asserts that the trial court erred in granting judgment to appellee for $11,051.60, in that the jury found under special issue No. 2 that defendant owed the plaintiff the sum of $3,946.96, and also found and answered

the plaintiff's special requested issue No. 1 that defendant owed the plaintiff $13,981.-86 and that said two answers were in conflict.

Appellant by his signed letter, corroborated by his testimony in the trial of the cause, established without controversy the sum of $12,532.83 due appellee as an account stated. There was likewise no dispute as to the amount of credits to be applied to the sum shown by the account stated. The debt of $3,946.96 was also established without controversy in that it was pleaded as a sworn account as provided by Rule 185, Texas Rules of Civil Procedure, and such account was not disputed under the provisions of the same rule. Further, appellant, testifying in the cause, stated that he did not dispute anything in regard to the amounts owing to the appellee. Under the undisputed testimony there was no necessity to submit any issue as to the amount owed by appellant to appellee and appellant's points 2 and 3 are overruled. Freeman v. Magnolia Petroleum Co., supra; Southern Underwriters v. Boswell, Tex.Civ. App., 141 S.W.2d 442, syl. 2, 3; Rule 185, Texas Rules of Civil Procedure.

■ Under the pleadings and evidence in the record, appellant's sole defense to the cause of action as to debt is that appellee, at the time he picked up the balance of the stock in the hands of the appellant, agreed to release appellant from all outstanding debt. Under special issue No. 3 the trial court submitted an issue to the jury on this phase of the case. There was no objection to this issue. The jury found that no such agreement was made and the trial court correctly rendered judgment for the appellee in the cause.

■ The jury verdict is in excess of the amount shown by the appellee's pleadings. Under the ruling of the Supreme Court, the trial court was justified, under appellee's motion for judgment on the jury verdict, to enter judgment for the sum of $11,-051.60 as shown in the appellee's pleadings. Williams v. Wyrick, Tex.Sup., 245 S.W.2d 961, syl. 4, 5.

The judgment of the trial court is affirmed.