## TEXAS INDEMNITY INS. CO. v. BARKER.

### No. 1426.

Court of Civil Appeals of Texas. Eastland.

April 5, 1935.

Rehearing Denied May 24, 1935.

Don Emery, T. L. Dyer, R. K. Batten, and W. J. Loftus, all of Amarillo, for appellant.

Thomas B. Ridgell, of Dallas, for appellee.

LESLIE, Justice.

This is an industrial accident case. The Texas Indemnity Insurance Company appealed from the award of the Industrial Accident Board, and the defendant, R. C. Barker, answered, claiming compensation for total permanent incapacity, and, in the alternative, (1) for total incapacity for 300 weeks; (2) total permanent loss of the use of the left hand; and (3) total permanent loss of the use of his left hand and arm and wrist. The trial before the court and jury resulted in a judgment for Barker, the claimant, as for total permanent incapacity. The carrier appeals.

The injury was sustained November 26, 1932, and claim for compensation therefor was filed with the board July 20, 1933, or 7 months and 24 days after the accidental injury. The employee undertook to excuse delay in filing the claim by pleading and proof of good cause. Vernon's Ann. Civ. St. art. 8307, § 4a. The issue involving good cause was presented to the jury by inquiring if Barker showed by a preponderance of the evidence a good cause "for his failure to file claim for compensation within 6 months of the alleged injury." To this form and manner of submitting the issue the insurance company specifically, and in due time, excepted on the ground that the burden was on the claimant to show the continued existence of good cause from the date of the injury to the date the claim was actually filed with the Industrial Accident Board. That the court erred in overruling the exception is well established by the authorities. Holloway v. Texas Ind. Ins. Co. (Tex. Com. App.) 40 S.W.(2d) 75; New Amsterdam Cas. Co. v. Chamness (Tex. Civ. App.) 63 S.W.(2d) 1058; New Amsterdam Cas. Co. v. Scott (Tex. Civ. App.) 54 S.W.(2d) 175; Durham v. Texas Ind. Ins. Co. (Tex. Civ. App.) 60 S.W.(2d) 255; Texas Ind. Ins. Co. v. Williamson (Tex. Civ. App.) 59 S.W.(2d) 232; Texas Employers' Ins. Ass'n v. McGehee (Tex. Civ. App.) 75 S. W.(2d) 123; section 4a, art. 8307, Vernon's Ann. Civ. St. Not having filed his claim with the board within 6 months, as prescribed by the statute, it was necessary for the claimant to bring himself within the exception provided in section 4a of article 8307 of the statute, and to do this he was required to plead and prove facts showing existence of good cause for not filing his claim down to the date when it was actually

filed and obtain from the jury an affirmative finding on the issue thus presented. The second proposition is sustained.

■ The insurance company also contends that the verdict of the jury does not support the judgment, in that there is an irreconcilable conflict between the findings of the jury in response to issues 6 and 7 of the main charge, and their findings in response to issues 2 and 3 requested by the company. Said issues, and the jury's answers thereto, respectively, are as follows:

"Special Issue No. 6: Do you find and believe from a preponderance of the evidence that R. C. Barker sustained total disability as a natural result of the injury, if any, sustained by him November 26, 1932? A. Yes.

"Special Issue No. 7: Do you find and believe from a preponderance of the evidence that said total disability, if any you have found in answer to special issue No. 6, is permanent? A. Yes.

"Special Issue No. 2: Do you find from a preponderance of the evidence that as a result of the injury of November 26, 1932, if any, the defendant sustained a personal injury to any part or portion of his body other than to his left hand and left wrist? A. No.

"Special Issue No. 3: Do you find from a preponderance of the evidence that as a result of the injury, if any, of November 26, 1932, if any, the defendant sustained a personal injury to any part or portion of his body other than to his left arm at or below the elbow? A. No."

The court gave the statutory definition of "injury," or "personal injury," as follows: "You are instructed that wherever the term 'injury' or 'personal injury' is used in this charge, it shall be construed to mean damage or harm to the physical structure of the body and such disease or infections as naturally result therefrom."

Bearing in mind this definition of "injury" or "personal injury," it is obvious that the conclusion derived from the jury's answers to issues 6 and 7 cannot be true if the conclusion arising from the answers to issues 2 and 3 is true. The answers to issues 6 and 7 lay the predicate for a judgment in favor of claimant on the theory of total permanent incapacity (article 8306, §§ 10 and 11, Vernon's Ann. Civ. St. 1925), and the findings in answer to special issues 2 and 3 negative altogether the existence of the basis for such judgment. The finding established by the answers to issues 6 and 7 is material and in irreconcilable conflict with the finding established by the answers to issues 2 and 3. They are, therefore, mutually destructive of each other and afford no basis for the judgment. The proposition is sustained upon the following authorities: W. J. Stevens Co. v. Novice State Bank (Tex. Com. App.) 2 S.W. (2d) 419; Williams v. Zang (Tex. Com. App.) 279 S. W. 815; Miller v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 63 S. W.(2d) 883; Texas Employers' Ins. Ass'n v. Hardy (Tex. Civ. App.) 81 S.W.(2d) 191; Morrison v. Western Union Tel. Co. (Tex. Civ. App.) 35 S.W.(2d) 215; Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Hines v. Foreman (Tex. Com. App.) 243 S. W. 479; Northern Texas Traction Co. v. Weed (Tex. Com. App.) 300 S. W. 41; Casualty Reciprocal Exchange v. Cain (Tex. Civ. App.) 63 S.W.(2d) 237; Law of Special Issues, 560–564.

It is unnecessary to discuss the effect of the answers to issues 2 and 3 as the basis for a judgment as for injury to specific members. From the standpoint of the company, these issues were defensive as against any favorable answers the jury might give the claimant in response to issues 6 and 7, but they were not designed to establish the extent and duration of any injury to a specific member, and it is doubtful if the answers given constitute an affirmative finding of the existence of any injury whatever to a specific member. On another trial, if claimant is forced to rely for recovery on injury to specific members and resulting incapacity, additional issues calling for findings as to existence, extent, duration, etc., should be propounded to the jury.

In the disposition of the contentions before us, due regard is given to legal significance of the terms "injury," "disability," and "incapacity," and their somewhat interchangeable use as disclosed by the record. As used, however, their meaning is unmistakable and without harmful effect, though not strictly accurate.

Under the state of the pleadings and the testimony, this court would not be warranted in reversing the judgment of the trial court and rendering same in favor of the appellant as contended by it, but, for the errors pointed out, the judgment of the trial court is reversed and the cause remanded.

FUNDERBURK, Justice (dissenting in part).

I am unable to concur in the view that the verdict of the jury upon special issues Nos. 6 and 7 is in conflict with its verdict upon specially requested issues Nos. 2 and 3. It may be that the verdict upon all of said issues may not support a judgment, but not for the reason, I think, that the finding upon one or more issues is in conflict with a finding upon others. The subject-matter of special issues 6 and 7 is disability, the term disability being evidently used in the sense of incapacity. The subject-matter of specially requested issues Nos. 2 and 3 is injury. The court gave the jury the definition of injury, or personal injury, as follows: "You are instructed that wherever the term injury or personal injury is used in this charge it shall be construed to mean damage or harm to the physical structure of the body and such disease or infections as naturally result therefrom." This was the statutory definition, and it is apparent that the term is properly used to designate, under different conditions, two very different things, viz., "damage or harm to the physical structure of the body" and "such disease or infections as naturally result therefrom." In this case there was no question of the existence of an injury consisting of "such disease or infection as naturally result" from "damage or harm to the physical structure of the body." There was an issue of the existence of disease, but there was no contention that the disease had resulted from a broken wrist, or, in other words, from "damage or harm to the physical structure of the body." We may, therefore, for the purpose of testing the question at issue, regard the word "injury" as meaning simply "damage or harm to the physical structure of the body." The court in defining, or explaining, the term "total disability," after stating that it "does not imply an absolute disability to do any kind of labor," explains the term by stating, "and a person disqualified from performing the usual tasks of a workman in such a way as to render him unable to procure and retain employment, is ordinarily regarded as totally disabled." With these definitions, special issue No. 6 may be paraphrased without changing its meaning as follows: "Do you find and believe from a preponderance of the evidence that R. C. Barker was rendered unable to procure and retain employment as a natural result of damage or harm to the physical structure of the body, if any, sustained by him November 26, 1932?" Special issue No. 7 may be paraphrased as follows: "Do you find and believe from a preponderance of the evidence that said inability to procure and retain employment, if any you have found in answer to special issue No. 6, is permanent?" The jury answered, "Yes."

Now, specially requested issue No. 2 may be paraphrased in the terms of the definitions as follows: "Do you find from a preponderance of the evidence that as a result of the damage or harm to the physical structure of the body of November 26, 1932, if any, the defendant sustained damage or harm to the physical structure of any part or portion of his body, other than to his left hand and left wrist?" The jury answered, "No." Specially requested issue No. 3 may be likewise paraphrased as follows: "Do you find from a preponderance of the evidence that as a result of the damage or harm to the physical structure of the body, if any, of November 26, 1932, if any, the defendant sustained damage or harm to the physical structure of any part or portion of his body other than to his left arm at or below the elbow?" The jury answered this issue, "No." It is apparent that by specially requested issues 2 and 3 the jury was called upon to find whether injury to one part of the body had resulted in injury to another and different part of the body in the sense that damage or harm to the physical structure of one part of the body had resulted in damage or harm to the physical structure of another and different part of the body. The jury was not warranted in answering these issues in any other way than it did. There was no evidence of such facts. Great pain in other parts of the body than the arm or wrist resulting from injury to the arm or wrist would not in any proper sense be damage or harm to the physical structure of that part of the body where the pain appeared to be. Specially requested issues Nos. 2 and 3 were no doubt designed to call for findings of whether or not the effects of the injury, if any, to the arm or wrist were confined to the arm or wrist or extended to other parts of the body, but the issues were not so stated as actually to call for such findings. No question is presented of a waiver of the incorrectness of the statement of the issues. Our present inquiry is: Did the jury answer one thing in reference to some issues, and the contrary

with reference to the other issues? It seems to me its verdict is not subject to that criticism. If its answers to the specially requested issues are to be regarded as findings that the effects of the injury, which it .found had been . sustained to the arm or wrist, were confined to the arm or wrist, the judgment to be rendered upon the whole verdict should deny recovery of compensation for total and permanent incapacity. This is an entirely different question, as I see it, from that of whether no judgment at all is supported because of irreconcilable conflicts in the verdict.

I concur in the disposition required to be made of the case upon the first question discussed in the majority opinion.