**FIREMAN'S FUND INDEMNITY CO. v. HOPKINS, District Judge, et al.**

**No. 13408.**

Court of Civil Appeals of Texas. San Antonio.

Aug. 4, 1938.

Rehearing Denied Aug. 31, 1938.

Boone, Henderson, Boone & Davis, of Corpus Christi, for relator.

H. K. Stanfield, of Corpus Christi, and Charles J. Lieck, of San Antonio, for respondents.

SMITH, Chief Justice.

This is an original application for writ of mandamus brought by Fireman's Fund Indemnity Company, relator herein, to require Hon. W. B. Hopkins, Judge of the District Court of the 28th Judicial District, respondent herein, to render judgment upon the verdict of a jury in the case of Sloan Fortenberry, Jr., v. Fireman's Fund Indemnity Company, numbered 17,911-A on the docket of said Court, in which, after verdict, a mistrial had been ordered on motion of the plaintiff, the employee, upon the sole ground that the verdict included conflicting findings of the jury upon material issues. The suit is one under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq.

The employee, plaintiff below, alleged that in the course of his employment he had received accidental injuries to his left leg and knee, to his back and spine, to his eyes, and to his sacroiliac region and joint, and that those injuries resulted in permanent total incapacity, or, in the alternative, temporary total, or permanent

partial, incapacity. The defendant insurance carrier answered only by general demurrer and general denial.

The jury found under appropriate instructions, to which no objections were made by either party, that plaintiff was injured, in the course of his employment; that such injuries resulted in his total, and not partial, incapacity, which was permanent, and not temporary; that said injury "has resulted in the (permanent total and not temporary or partial) loss of the use of plaintiff's left leg," and, on response to a special issue requested by defendant, that "the permanent incapacity of plaintiff is confined to the plaintiff's left leg."

It is provided in the Compensation Act that in case of total incapacity the employee shall be compensated, during the period of such total incapacity, at the rate of sixty per cent of his average weekly wage; if his incapacity is both total and permanent, he shall be compensated, at that rate, for a maximum period of 401 weeks. Art. 8306, § 10, R.S.1925. It will be noted that in this case the jury found plaintiff's incapacity to be both total and permanent, entitling him to the maximum compensation provided in § 10, to-wit: Sixty per cent of his average weekly wage for a period of 401 weeks.

And it is further provided in the Act that:

"Sec. 12. For the injuries enumerated in the following schedule the employe shall receive in lieu of all other compensation * * * a weekly compensation equal to sixty per cent of the average weekly wages of such employe, * * * for the respective periods stated herein, to-wit: * *

"For the loss of a leg at or above the knee, sixty per cent of the average weekly wages during two hundred weeks. * * *

"In the foregoing enumerated cases of permanent, partial incapacity, it shall be considered that the permanent loss of the use of a member shall be equivalent to and draw the same compensation as the loss of that member." Art. 8306, § 12.

It will be noted, also, that the jury found in this case that "the permanent incapacity of plaintiff is confined to the plaintiff's left leg," entitling him to compensation provided only in said § 12, to-wit: sixty per cent of his average weekly wage during 200 weeks.

Plaintiff contended below, and the trial judge held, that the two findings, first, that plaintiff's incapacity is total and permanent, and, second, that his permanent incapacity is "confined to his left leg," are in irreconcilable conflict, and afford no basis for judgment, and upon that holding, alone, the trial judge ordered a mistrial, on plaintiff's motion therefor.

By the present proceeding in this Court defendant insurance carrier has applied for writ of mandamus to compel the trial judge to render judgment awarding compensation to plaintiff upon the finding that his incapacity is limited to the loss of the use of his left leg, or sixty per cent of his average weekly wage for a period of 200 weeks (less payments already made), the jury having found said average to be $17.50.

█ We are of the opinion that defendant is not entitled to the writ of mandamus. The rule is that where an employee receives a specific injury, such as, for example, the loss of the use of a leg, but, because of or as a result thereof such injury spreads to other parts of the body and produces a greater or more prolonged incapacity than that naturally resulting from the specific injury, the employee is entitled to compensation as for a general, rather than the specific, injury, according to the degree and duration of the incapacity. Standard Accident Ins. Co. v. Williams, Tex.Com.App., 14 S.W.2d 1015; United States Fidelity & Guaranty Co. v. Brandon, Tex.Civ.App., 31 S.W.2d 846; Traders & General Ins. Co. v. Nunley, Tex.Civ.App., 82 S.W.2d 715.

█ In this case the plaintiff, although alleging specific injury to the leg, set up other facts, which, established by the findings of the jury, entitled him to judgment for the maximum provided in § 10 of Art. 8306, for general injuries. And, but for the jury's further positive finding, at the instance of defendant, that plaintiff's incapacity was "confined to the left leg," the trial judge could have been required, even by mandamus, to render judgment as for permanent total incapacity. But, the jury having further found, in direct conflict with the first finding, that plaintiff's incapacity was "confined" to that specific injury for which the statute prescribes a different and less compensation, the trial judge had no power to disregard one, and give effect to the other, finding. The findings are in direct and irreconcilable conflict, and the trial judge should have granted plaintiff's timely motion to give the

jury an opportunity to reconcile the conflict before finally receiving and accepting their verdict. Maryland Casualty Co. v. Brown, Tex.Civ.App., 110 S.W.2d 130, (reversed on other grounds, Tex.Sup., 115 S. W.2d 394) and authorities there cited. But the court, having received and accepted the verdict, and discharged the jury without giving them that opportunity, could make no other order than that of mistrial, which was done. Maryland Casualty Co. v. Howie, Tex.Civ.App., 94 S.W.2d 220; Texas Indemnity Co. v. Barker, Tex.Civ. App., 82 S.W.2d 389; Texas Employers' Ins. Ass'n v. Varner, Tex.Civ.App., 20 S. W.2d 334.

Under the authorities cited, total permanent incapacity, and incapacity confined to one leg, constitute separate and distinct claims and causes of action, and are compensable under separate and distinct provisions and schedules of the statute, and the jury having found for plaintiff under both, those findings were in conflict, and it was not the prerogative of the trial judge to elect between them, and, disregarding one, enforce the other.

Application denied.