**TEXAS GENERAL INDEMNITY COM-
PANY, Appellant,**

v.

**Fred W. DICKSCHAT, Jr., Appellee.**

**No. 4789.**

Court of Civil Appeals of Texas.

Waco.

April 17, 1969.

Rehearing Denied May 22, 1969.

Orgain, Bell & Tucker, George H. Kolb, Beaumont, Boyd M. Bailey, Madisonville, for appellant.

Brown, Kronzer, Abraham, Watkins & Steely, Don R. Riddle, Houston, Roger Knight, Jr., Madisonville, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant insurance carrier from a judgment for "total permanent" in a workman's compensation case. Plaintiff Dickschat alleged injuries received in the course of his employment with Gulf State Utilities Company; that defendant was Gulf's insurance carrier; and that his injuries resulted in total disability. Defendant by answer admitted plaintiff was injured, but alleged plaintiff sustained injury to his left arm only, and that such was not the producing cause of total disability.

Trial was to a jury which found:[1]

1) 2) Plaintiff was injured September 7, 1965 in the course and scope of his employment with Gulf.

3) "Do you find from a preponderance of the evidence plaintiff sustained any injury to his left shoulder on or about September 7, 1965?" To which the jury answered: "We do."

4) "Do you find from a preponderance of the evidence that the injury to plaintiff's left elbow on September 7, 1965, and the effects thereof, naturally extended to and affected his left shoulder?" To which

1. Issues pertinent to disposition are quoted in full; others are summarized.

the jury answered: "We do". "If you have answered Issue 3 or Issue 4 'We Do' and only in that event, then answer:"

5) "Do you find from a preponderance of the evidence that such injury that occurred on September 7, 1965, if any, was a producing cause of any total incapacity as that term is defined to you?" To which the jury answered: "We do".

6) Such total incapacity began on September 7, 1965.

7) Such incapacity is permanent.

9) Plaintiff did not sustain partial incapacity.

14) Plaintiff's average weekly wages were $144.09.

15) Plaintiff's injuries "were not confined to his left arm".

16) "Do you find from a preponderance of the evidence that plaintiff's disability, if any, is not confined to his left arm?" To which the jury answered: "Disability is confined."

17) Do you find from a preponderance of the evidence that plaintiff's disability, if any, is not caused solely by the loss of the use, if any, of his left arm? To which the jury answered: "Disability is caused solely."

18) Do you find from a preponderance of the evidence that the incapacity, if any, of plaintiff is not limited to the arm below his shoulder? To which the jury answered: "It is limited to the arm below the shoulder."

19) Plaintiff's injury resulted in total loss of use of his arm.

20) Such loss is permanent.

Defendant filed no motion for new trial; but moved the trial court to enter judgment on the verdict for plaintiff for 200 weeks compensation at $35.00 per week for total loss of use of his left arm.

Plaintiff moved for judgment on the verdict for "total permanent" (401 weeks at $35.00 per week).

The trial court granted plaintiff's motion and rendered judgment in a lump sum for plaintiff for total permanent disability (less compensation payments already made).

Defendant appeals on 10 points contending the trial court erred: 1) In rendering judgment for plaintiff for total permanent disability, there being no finding that any general injury was a producing cause of any total disability; 2) In failing to enter judgment for plaintiff for total loss of use of the arm; 3) In entering judgment for a lump sum absent a finding of hardship.

■ Had defendant moved for a new trial in the trial court, preserving its objections to the charge, it appears that a remand for a new trial would be in order. But such is not the situation. Defendant appeals directly under Rule 324 Texas Rules of Civil Procedure, which permits appeal, absent motion for new trial where the trial court overruled "a motion for judgment on the verdict made by the party who becomes appellant".

In such situation the scope of review is limited to whether or not the trial court erred in overruling appellant's motion for judgment. Manning v. Sears Roebuck, Tex.Civ.App., Er. Ref., 417 S.W.2d 639; Wagner v. Foster, 161 Tex. 333, 341 S.W. 2d 887.

■ The jury by its answers to issue 3 found plaintiff sustained a general injury; and by its answer to issue 5 found such injury was a producing cause of total incapacity. In such situation defendant was not entitled to the judgment it moved the trial court to enter, and in the case's present posture we cannot remand.

■ Defendant asserts the trial court's judgment is precluded by the jury's answers to issues 16, 17 and 18. The findings in answer to such issues may well mean that plaintiff did not establish that his disability was not confined, but such findings do not establish the converse. C & R Trnsp. Inc. v. Campbell, Tex., 406 S.W.2d 191. Defendant had the burden to plead, prove, re-

quest affirmative issues and secure findings that the incapacity was confined. Defendant requested no issues under which it could establish the affirmative of the propositions. McCartney v. Aetna Cas. & Surety Co., Tex., 362 S.W.2d 838.

 The trial court's judgment provided for a lump sum payment absent a finding as to "hardship". The judgment is modified to provide for weekly payments. Tex. Emp. Ins. Assn. v. King, Tex.Civ.App., (N WH) 244 S.W.2d 369. Defendant's points and contentions are otherwise overruled. Costs of appeal are taxed ⅘ against appellant; ⅕ against appellee.

Modified and affirmed.