Sallie Jo **RUDDELL**, Appellant,

v.

The CHARTER OAK FIRE INSURANCE COMPANY, Appellee.

No. 8084.

Court of Civil Appeals of Texas, Texarkana.

June 20, 1972.

Kenneth L. Ross, Sharp, Ward & Ross, Longview, for appellant.

Blake C. Erskine, Kenley, Boyland, Hawthorn, Starr & Coghlan, Longview, for appellee.

CHADICK, Chief Justice.

On March 1, 1970, Mrs. Sallie Jo Ruddell, while employed at a Safeway Food Store in Longview,. Texas, and while in the furtherance of her employer's affairs and the performance of her duties, slipped and fell as she was carrying food products into the store's cooler. Mrs. Ruddell, in her brief, says that she "fell on her hips very hard and her foot struck a metal table leg. * * * She looked at her left foot immediately thereafter and saw that it was twisted and turned, and appeared to be broken. At that time her hips were hurting worse than her foot." She timely applied for Workmen's Compensation, and her application followed regular procedures through final determination by the Texas Industrial Accident Board. After the Board made its award, The Charter Oak Fire Insurance Company, the store's compensation carrier, instituted a suit in a District Court of Gregg County to set aside the Board's award to Mrs. Ruddell. At completion of a jury trial, judgment was entered by the trial court that was unsatisfactory to Mrs. Ruddell, and she has appealed therefrom and here seeks reversal of the judgment and a remand of the case for new trial.

The answer and cross-action filed by Mrs. Ruddell in response to the insurance carrier's original petition plead a conventional Workmen's Compensation action, alleging a general injury made compensable by Vernon's Tex.Rev.Civ.Stat.Anno. art. 8306 Sec. 10 and 11 (1967). Her brief in this court confirms and emphasizes such construction of her pleadings. The insurance company plead that her injury was to her left leg below the knee and was compensable, if at all, under the provisions of Section 12 of the same article. To emphasize the positions of the parties, Mrs. Ruddell does ont rely for recovery upon injury to a foot that extends to and affects other parts of her body generally; specific injury is plead only by the insurance carrier, and neither party plead an extension of a specific injury to the body generally. In summary, Mrs. Ruddell asked to be compensated for what has come to be called in workmen's compensation practice a general injury, and the insurance carrier plead that she be compensated, if at all, for what, in the practice is commonly called a specific injury.

The distinction between general and specific injuries was recently made by this court in Banks v. Miller's Mutual Fire Insurance Company of Texas, 476 S.W.2d 768 (Tex.Civ.App. Texarkana, 1972, no writ), in this language, viz:

"The Texas Workmen's Compensation Law in its broad design divides compensable injuries into two classes: General injuries to the body governed by Tex.Rev.Civ.Stat.Anno. Art. 8306, Secs. 10 and 11 (1967) and injuries, by custom called specific injuries, that produce the loss of, or loss of the use of, specified bodily members and faculties which are scheduled under Section 12 of the same article. Texas General Indemnity Co. vs. Scott, 152 Tex. 1, 253 S.W.2d 651 (1952); 63 Tex.Jur.2d Workmen's Compensation, Sec. 165 (1962)."

And the opinion went on to say:

"The language of Section 12 does not purport to fix the location of a compensable injury on the workman's body, it simply says that injuries causing the loss of, or the loss of the use of, specified bodily members or faculties shall be compensated as therein provided. In McCartney v. Aetna Casualty & Surety Co., 362 S.W.2d 838 (Tex.Sup.1962), it is said: '* * * If the insurer desires to limit the claimant's recovery to the compensation recoverable under the provisions of Section 12 or seeks to otherwise separate the effects of general and specific injuries, the burden rests with the insurer to either request appropriate special in-

structions to the jury, in connection with the general injury issue, or plead, prove and secure jury findings so limiting the claimant's recovery.' * * *"

The record under review presents a case in which the claimant ignored a concurrent specific injury and seeks compensation based upon general injury to the body. The insurance carrier, in its turn, defends its interests by injecting the question of specific injury.

Counsel for Mrs. Ruddell have briefed a single point of error, to-wit:

"The District Court erred by overruling appellant's motion for mistrial and motion for new trial based upon an irreconciliable conflict in the answers to special issues in the court's charge."

In argument under the point, it is insisted that an irreconcilable conflict exists between Special Issues No. 1, No. 2, No. 3, and No. 4 on the one hand and Special Issue No. 37 on the other. These issues and answers thereto, plus Special Issue No. 16 and its answer, are next copied in the order of appearance in the charge, viz:

"*Special Issue No. 1*: Do you find from a preponderance of the evidence that plaintiff, Sallie Jo Ruddell, received an injury on or about March 1, 1970?
Answer 'We do' or 'We do not.'

ANSWER: We do.

"If you have answered Special Issue No. 1 'We do', then answer Special Issue No. 2; otherwise do not answer Special Issue No. 2.

"*Special Issue No. 2*: Do you find from a preponderance of the evidence that such injury was a producing cause of any total incapacity?

Answer 'We do' or 'We do not.'

ANSWER: We do.

If you have answered Special Issue No. 2 'We do,' then answer Special Issue No. 3; otherwise do not answer Special Issue No. 3.

"*Special Issue No. 3*: Find from a preponderance of the evidence the beginning date of such total incapacity. Answer by giving the month, day and year.

ANSWER: March 1, 1970.

"If you have answered Special Issue No. 3 'We do', then answer Special Issue No. 4; otherwise do not answer Special Issue No. 4.

"*Special Issue No. 4*: Do you find from a preponderance of the evidence that such total incapacity is permanent, or was or will be temporary?
Answer 'permanent' or 'temporary.'

ANSWER: Permanent.

*       *       *       *       *       *

"*Special Issue No. 16*: Do you find from a preponderance of the evidence that the plaintiff, Sallie Jo Ruddell, received an injury to her left leg below the knee on or about March 1, 1970?
Answer 'We do' or 'We do not.'

ANSWER: We do.

*       *       *       *       *       *

"*Special Issue No. 37*: Do you find from a preponderance of the evidence that the incapacity, if any, of the Plaintiff was not caused solely by the Plaintiff's loss of use of the left leg below the knee?

Answer 'It was not caused solely by the loss of the use of the left leg below the knee,' or 'It was caused solely by the loss of use of the left leg below the knee.'
ANSWER: It was caused solely by the loss of use of the left leg below the knee."

■ It is clear from the language of the appellant's point of error that a conflict between answers to special issues is the single vice or factor relied upon to nullify the trial court's judgment, and this vice is limited by the argument to a conflict of special issues No. 1 through No. 4, with special issue No. 37. In testing to ascertain the existence of a conflict in findings that will nullify a judgment, an examination must be made to determine the materiality of the issues as-

serted to be in conflict, the existence or not of dominant findings, waiver, and whether or not other issues not in conflict will support the judgment. See 3 McDonald's Texas Civil Practice, Jury Trials: Verdict, Sec. 15.06.2. through Sec. 15.06.6.–(d) for a treatise on this subject; also, Hodges, Special Issue Submission in Texas 111 (1969 Supp.) for an enlightening discussion of the subject of conflicting issues. The section from McDonald first mentioned, Sec. 15.06.02., is supported by a number of footnoted cases; and although no case appears to deal with the precise question presented by this appeal, the text generalizes the results reached by the courts and sets out a rule of practice, in part as follows:

"When the findings appear to conflict, the court, by construing them as a whole and considering the method of submission, should reconcile them if this can be done consistent with the pleadings (or issues tried outside the pleadings by expressed or implied consent) and the evidence. It may be presumed that the jurors did not intentionally make conflicting findings, and if a reasonable interpretation will avoid the conflict, the court should adopt it. * * * "

■ On undertaking a reconciliation of the jury's answers in this case, it is appropriate to notice that Mrs. Ruddell's theory of recovery was submitted in the first fifteen special issues. These issues were designed, if favorably answered, to establish facts constituting the foundation of liability premised on a general injury. The remaining issues are relevant to the insurer's defense. In answering the first issue, the jury found Mrs. Ruddell received an *injury*[1]. Such finding is broad enough to include an injury that might, when a bodily member or faculty is considered individually, fall within the specific injury category. The jury's answer to the second, third, and fourth issues constitute findings that the injury established by answer to the first issue was a *producing cause*[2] of some degree of *total incapacity*[3] beginning March 1, 1970, that was permanent in nature. It is this first series of findings, the appellant contends, that conflict with the answer to special issue thirty-seven that Mrs. Ruddell's incapacity was caused solely by loss of use of the left leg below the knee. Put more pointedly, it is urged upon this court that these first four jury findings (that the injury was a producing cause of some degree of total incapacity permanent in nature) are opposite to, conflict with, and tend to negate the existence of the subsequent answer to the thirty-seventh special issue (that Mrs. Ruddell's incapacity was caused solely by the loss of use of the left leg below the knee).

In the previously cited work by Professor Hodges a rule is formulated that includes this statement from Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97 (Tex.Comm'n.App.1939, opin. apprvd), to-wit:

"It will never be presumed that jurors intend to return conflicting answers, but the presumption is always to the contrary. Courts properly refuse to strike down answers on the ground of conflict, if there is any reasonable basis upon which they may be reconciled. This is elementary."

1. *Injury* means damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom, or the incitement, acceleration, or aggravation of any disease, infirmity or condition, previously or subsequently existing by reason of such damage or harm. (Definition in court charge).

2. *Producing cause* means an injury or condition which, either independently or together with one or more other injuries or conditions, results in incapacity, and without which such incapacity would not have occurred when it did. (Definition in court charge).

3. *Total incapacity* does not imply absolute inability to perform any kind of labor, but means that one is disabled from performing the usual tasks of a workman, not merely the usual tasks of any particular trade or occupation, to such an extent that he cannot get and keep employment. (Definition in court charge).

And proceeds on the basis of *Rhone* and other cases cited, to incorporate the conclusion that:

"\* \* \* the proper consideration is of the evidence. The burden is upon the one claiming the existence of the conflict to show there is no evidence upon which the jury could have reasonably found a factual theory making their answers consistent. The party opposing the claim of conflict should point out evidence on which the answers could be consistently made."

The illusion of a conflict in the factual findings underlying answers to the first through fourth and thirty-seventh special issues disappears when the evidence is examined.

Evidence was offered that Mrs. Ruddell fell in such way as to hurt and injure her left foot, and that the injury she received produced some degree of total incapacity. This evidence, under the plaintiff's pleadings and the instruction of the court, is consistent with and tends to support the answers given to the first four issues. The same evidence under the defendant's pleadings and the court's instruction is consistent with and tends to support the answer to the sixteenth, and in conjunction with other evidence the answer to the thirty-seventh special issue. In this fact finding process, the jury was not compelled to find inconsistent facts in order to answer all issues in question as it did; that is to say, the jury did not pursue inconsistent factual theories in reaching its verdict on the mentioned issues.

■ The conclusion expressed finds support in Argonaut Insurance Co. v. Newman, 361 S.W.2d 871 (Tex.Sup.1962). The claimant in the case undertook to show a specific injury extended to and affected other parts of his body. When the jury in the case first returned its verdict on the special issues submitted, the trial judge concluded that some of the findings were in conflict and proceeded to instruct the jury to resolve the conflicts. In reference to the trial judge's instructions to the jury, Judge Walker's opinion says:

"The jury was again advised that neither total nor partial incapacity can exist where an injury and its effects are confined to the toes, to the foot, or to the leg, or where the injury produces only a loss of the use of the toes, the feet or the leg. (pp. 872–873) \* \* \* If the evidence shows that the claimant is totally or partially disabled from performing the usual task of a workman, the jury may properly find that he has suffered incapacity even though it also concludes that his injuries are confined to a specific member." (p. 874)

As this language in the opinion is understood, the Supreme Court holds that it was error to instruct that answers finding a partial loss of use of plaintiff's toes were in conflict with a finding that the claimant had suffered total and permanent disability. The Supreme Court appears to hold that incapacity caused by a partial loss of the use of claimant's toes may factually exist at the same time, or along with, total and permanent general disability. Recovery for general disability can only be had, as the opinion is understood, on determination that the injury to the foot extended to other parts of the body, and was not caused solely by the loss of use of the foot. Another case also lends support. In Bituminous Fire & Marine Insurance Co. v. Jones, 398 S.W.2d 577 (Tex.Civ.App. Tyler 1966, error ref'd n. r. e.), a finding that injury to a hand affected the claimant's general health causing incapacity, was held not to be in conflict with a finding that the injury to the hand did not extend to nor affect his shoulder, because the pain in the hand could have caused sleeplessness and loss of weight and strength, without affecting the shoulder.

A case that has caused some scholarly handwringing,[4] Texas General Indemnity

4. See comment in 2 Texas Pattern Jury Charges, Section 26.14.

Co. v. Dickschat, 440 S.W.2d 922 (Tex.Civ. App. Waco 1969, err. ref'd, n. r. e.), should not go unnoticed even though decision herein is not grounded upon it. This reproduction of the special issues and jury answers in the *Dickschat* case is taken from the Waco Court's opinion, to-wit:

"16) Do you find from a preponderance of the evidence that plaintiff's disability, if any, is not confined to his left arm?

To which the jury answered: 'Disability is confined.'

"17) Do you find from a preponderance of the evidence that plaintiff's disability, if any, is not caused solely by the loss of the use, if any, of his left arm?

To which the jury answered: "Disability is caused solely.'

"18) Do you find from a preponderance of the evidence that the incapacity, if any, of plaintiff is not limited to the arm below his shoulder?

To which the jury answered: 'It is limited to the arm below the shoulder.' "

Judge McDonald speaking for the court sums up the effect of these findings in this brief pronouncement:

"Defendant asserts the trial court's judgment is precluded by the jury's answers to issues 16, 17 and 18. The findings in answer to such issues may well mean that plaintiff did not establish that his disability was not confined, but such findings do not establish the converse. C. & R. Transp. Inc. v. Campbell, Tex., 406 S.W.2d 191."

If, as the Waco court holds, the jury answers to the issues, particularly special issue No. 17, do not establish that plaintiff's disability is caused solely by loss of the use of his left arm, then in the instant case, the jury answer to the thirty-seventh special issue does not establish that Mrs. Ruddell's incapacity was caused solely by the loss of the use of the left leg below the knee. Under such an interpretation the answer

to the thirty-seventh special issue would not conflict with either of the first four issues, as the effect of the jury answer to the thirty-seventh is merely failure on the part of Mrs. Ruddell to establish that her incapacity was not confined to her left leg below the knee. The error urged is a conflict in findings. In the absence of an affirmative finding that Mrs. Ruddell's incapacity was confined, etc., no conflict can exist.

For the reasons discussed, it is concluded that no conflict between issues exists and that appellant's point of error must be overruled. The judgment entered is not questioned on other ground. No case has been found in which the precise confrontation of issues here discussed has been before a Texas court, but decision here is consonant with such cases as: Brown v. Transamerica Insurance Company, 416 S.W.2d 902 (Tex. Civ.App. Tyler 1967, no writ); Aetna Casualty & Surety Company v. Moore, 361 S.W.2d 183 (Tex.Sup.1962); Federal Underwriter's Exchange v. Simpson, 137 S.W. 2d 132 (Tex.Civ.App. Austin 1940, no writ); Petroleum Casualty Co. v. Seale, 13 S.W.2d 364 (Tex.Comm.App.1929, apprvd by Sup. Ct.); Russell v. United Employers Casualty Co., 158 S.W.2d 575 (Tex.Civ.App. Texarkana 1941, writ ref'd, w. o. m.); Ferrell v. Texas Employers' Ins. Ass'n., 194 S.W.2d 585 (Tex.Civ.App. Dallas 1946, no writ); Texas Employers' Ins. Ass'n. v. Thrash, 136 S.W.2d 905 (Tex.Civ.App. El Paso 1940, writ dism'd, judgment cor.); Texas Employers' Insurance Ass'n. v. Hinkle, 308 S.W.2d 543 (Tex.Civ.App. El Paso 1957, writ ref'd, n. r. e.); Sanchez v. Texas General Indemnity Company, 392 S.W.2d 222 (Tex.Civ.App. San Antonio 1965, writ ref'd, n. r. e.); Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651 (1952).

The cases upon this subject cited and relied upon by the appellant have been considered and are regarded as either distinguishable or unsound as precedents, and therefore, are not followed. These cases include: Service Mut. Ins. Co. of Texas v. Moaning, 129 S.W.2d 341 (Tex.Civ.App. 1939, Waco, no writ); Texas Motor Coach-

es Inc. v. Palmer, 132 Tex. 77, 121 S.W.2d 323 (Tex.Sup.1938); Fireman's Fund Indemnity Co. v. Hopkins, 119 S.W.2d 394 (Tex.Civ.App. San Antonio 1938, no writ); Maryland Casualty Co. v. Brown, 110 S.W.2d 130 (Tex.Civ.App. San Antonio 1937, no writ); Texas Indemnity Ins. Co. v. Barker, 82 S.W.2d 389 (Tex.Civ.App. Eastland 1935, no writ); United Benefit Fire Insurance Company v. Stock, 344 S.W.2d 941 (Tex.Civ.App. Houston 1961 no writ); Texas Employers' Insurance Ass'n. v. Brinkley, 349 S.W.2d 321 (Tex.Civ.App. Fort Worth 1961, err. ref'd, n. r. e.); Sims v. Travelers Insurance Company, 391 S.W.2d 807 (Tex.Civ.App. Fort Worth 1965, err. ref'd, n. r. e.)

The appellant's motion for rehearing is persuasive, but the court will adhere to its original disposition of the appeal. However, in order to clarify certain portions, the original opinion is withdrawn and this substituted for it. For the reasons discussed, reversible error is not shown. The judgment of the trial court is affirmed.

DAVIS, J., not participating.