**356**

TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellant,

v.

Joe T. URIAS, Appellee.

No. 6265.

Court of Civil Appeals of Texas,
El Paso.

Oct. 11, 1972.

Rehearing Denied Jan. 24, 1973.

Shafer, Gilliland, Davis, Bunton &
McCollum, Perry Davis, Jr., Odessa, for
appellant.

A. R. Archer, Jr., Monahans, for appel-
lee.

OPINION

WARD, Justice.

This is an appeal by the insurance car-
rier in a workmen's compensation case.
Based upon favorable answers by the jury
to special issues, judgment was entered for
the Plaintiff, Joe T. Urias, in a lump sum
allowing recovery for total and permanent
disability less credit for the amount there-
tofore paid by the insurer. We reverse
and remand the case.

Plaintiff alleged that while in the course
of his employment "the said plaintiff fell
off a ladder and received a comminuted
fracture to his left heel and foot; that at
the same time as a result of the fall he in-
jured his low back and he is now totally
and permanently disabled." The Appellant
pled that if the Plaintiff sustained any ac-
cidental personal injury, such injury was
confined to and limited to the left foot and
that any effects thereof were confined and
limited to that foot which was a specific
injury; that further, in the alternative, the
Defendant contended that any incapacity
which the Plaintiff had in the past, or may
have had in the future, was caused solely
by the incapacity and/or injury to his left
foot; and further, in the alternative, the
Defendant contended that any incapacity
which the Plaintiff had in the past, or may
have had in the future, had been or would
be caused solely by the loss of the use of
the left foot.

On the special issues submitted, the jury
answered a total of four issues finding
that the Plaintiff sustained total incapacity
as a result of the injury of March 26,
1970; that the beginning date of such total
incapacity was March 26, 1970; and that
the total incapacity has been and will be

permanent. The remaining special issue answered by the jury, which was No. 9, was to the following effect:

"Do you find from a preponderance of the evidence that the plaintiff's injury, if any, and the effects thereof, if any, were confined to the plaintiff's left foot?"

To this issue, the jury answered "No." In Appellant's Points One and Two, complaint is made of the Court's failure to submit requested special issues based on Appellant's affirmative defense concerning incapacity caused solely by loss of use of the Plaintiff's left foot and incapacity caused solely by injury to the Plaintiff's left foot. The first requested special issue reads as follows:

"Do you find from a preponderance of the evidence that the Plaintiff's incapacity, if any you have so found, was caused solely by the loss of use, if any, to the Plaintiff's left foot?"

Conditioned upon an affirmative answer, inquiry was made as to the percentage of the loss of use. The other requested primary issue was to the following effect:

"Do you find from a preponderance of the evidence that the Plaintiff's incapacity, if any you have so found, was caused solely by the injury, if any, to the Plaintiff's left foot?"

Conditioned upon an affirmative answer, inquiry was then made as to the percentage of the loss of use, if any, to the foot.

The Plaintiff went for all or nothing as he only pleaded that his injuries resulted in total and permanent disability. Such was also the position of the unfortunate claimant in Banks v. Millers Mutual Fire Insurance Company of Texas, 476 S.W.2d 768 (Tex.Civ.App.—Texarkana 1972, no writ). The Plaintiff's evidence was to the effect that there was a compression fracture of the fifth lumbar vertebra, which, in all reasonable medical probability, occurred at the same time the heel and ankle were broken. His doctor was of the opinion that the same force that broke the heel and ankle traveled up the leg into the spine and fractured the fifth lumbar vertebra. This doctor added that almost invariably, from the type of accident involved, the injured would also receive a compression fracture to the fifth lumbar vertebra.

The testimony of the Defendant's witnesses were in sharp conflict as they showed that the Plaintiff's only disability or incapacity was in the left foot. Immediately after the accident, the Plaintiff was treated for a compound comminuted fracture of the heel of the left foot. The treating physician testified that he saw the Plaintiff twenty-four times over a period of a year and a half after he got out of the hospital and he never complained about any injury to his body other than to the left foot. He never took X rays of his back because there were no complaints as to the back. The Plaintiff stated that he told the treating physician on two occasions that his back was hurting him but that the physician advised him that his weak leg and the use of the foot caused his back to hurt. The Plaintiff's own doctor admitted that his partner, Dr. Richardson, had examined the Plaintiff and did not find any significant abnormality in the low back and thought that any back pain was coming from the way the Plaintiff walked.

We are immediately confronted by this Court's decision of Texas Employers' Insurance Association v. Hinkle, 308 S.W.2d 543 (Tex.Civ.App.1957, writ ref'd n. r. e.). There an issue similar to the present one, No. 9, was answered in favor of the plaintiff and there also the defendant requested practically identical issues such as were here refused. This Court stated:

"In our opinion, the court was in error in failing to submit appellant's theory of the case. Certainly if the jury had found, in answer to such issues, either that the incapacity of appellee to labor was caused solely by the loss of the toes of his left foot, or by the loss of his left leg below the knee, then his recovery

would have been confined to a specific injury. * * * Appellee contends that the court, having submitted the issues, and the jury having answered that the injury and the effects thereof were not confined to the loss of the toes of the left foot or the loss of the use of the left leg below the knee, was equivalent to the requested issues of appellant. With this we cannot agree. The jury could have believed that the injury to the back, if any, was more or less superficial and non-disabling, yet believed that the appellee was totally and permanently incapacitated to work as the result of the injury to his left foot, the recovery for which would be limited to a specific injury, as provided by Sec. 12, Art. 8306, R.C.S."

The Plaintiff counters that Hinkle is inapplicable here because our Plaintiff did not alternatively plead and ask for relief for general and specific injuries as did Mr. Hinkle but only sought relief for the general. He argues the basis for the Hinkle case was Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651 (1953), where there were also alternative pleadings for general and specific recovery, affirmative findings as to both injuries and a finding that the accidental injury was the producing cause of the incapacity to the plaintiff, without specifying which accidental injury, and that the accidental injury was total and permanent. In answer to another issue, the Scott jury found that the disability was not limited to the left foot and the court held that the defendant was there also entitled to the affirmative defensive issue on a determination that the incapacity was caused solely by the injury to the left foot. From certain language contained in McCartney v. Aetna Casualty & Surety Company, 362 S.W.2d 838 (Tex. Sup.1962), our Plaintiff attempts to limit the Scott and Hinkle cases to those cases where the claimant seeks alternative relief for general and specific injuries; that those cases do not apply to our Urias case

where the fact of accidental injury is conceded and was not submitted and where no objection was made by the carrier. Therefore, Mr. Urias argues there was a presumed finding of a general injury, and defensive issue No. 9 fairly submitted the affirmative defense of the specific injury. See Travelers Insurance Company v. Woodard, 461 S.W.2d 493 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.). We find no such distinction in these cited cases. In Hinkle only a general injury submission was made for the claimant and in McCartney the carrier neither pleaded, proved, nor secured jury findings on the affirmative defense of specific injury. Whether the distinction is finely drawn or not or whether the requested issues approach a shade of the submitted issue, the carrier is entitled to them in this case. See Ruddell v. Charter Oak Fire Insurance Company, 482 S.W.2d 382 (Tex.Civ.App. —Texarkana 1972, no writ); Lieck's Legal Trial Aid, 2nd Revision, p. 383.

What this adds up to is that if the carrier had received a favorable answer to the defensive issue as submitted, that is, the *injury and the effects* thereof were confined to the foot, a judgment for a specific injury would have resulted. The issue, as unobjected, would have supported such a judgment. Texas Employers' Insurance Ass'n v. Neuman, 379 S.W.2d 295 (Tex. Sup.1964). On this issue in our present case, the jury answered in favor of the claimant. The jury could have done this if it was of the opinion that there was an injury to the back which was producing no incapacity to work, but that the claimant was totally and permanently incapacitated to work solely because of loss of use of the foot or solely by injury to the foot. This would have limited the recovery to the specific injury, and the carrier was entitled to a determination of the injury.

The judgment of the trial Court is reversed and the cause is remanded for a new trial.