Marshall G. COCHRAN, Appellant,

v.

AMERICAN SAVINGS AND LOAN ASSOCIATION OF HOUSTON, Appellee.

No. 5842.

Court of Civil Appeals of Texas, Waco.

June 8, 1978.

Rehearing Denied July 31, 1978.

Stanley B. Binion and William E. Junell, Jr., Reynolds, Allen & Cook, Houston, William E. Steen, Anderson, for appellant.

Jonathan S. Day, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a usury case. Plaintiff (appellant) Cochran sued defendant (appellee) American Savings and Loan Association seeking to recover statutory penalties provided in Article 5069–1.06 VATS, alleging American contracted for, charged and received interest in excess of the maximum allowed by law (10%) on a $330,000. real estate loan. Defendant (appellee) American denied allegations of usury and counterclaimed for deficiency judgment on the note.

Plaintiff owned 2.49 acres in Harris County at the northwest corner of West Bellfort Avenue and Southwest Freeway, on which he owed Houston-Citizens Bank $250,000. Plaintiff contacted defendant American and proposed to sell 20,000 square feet off the corner of the 2.49 acre tract, and also applied for a $250,000. loan to refinance the debt due Houston-Citizens Bank.

**674**

On July 23, 1974 American made written commitment good until November 15, 1974: 1) To lend plaintiff $330,000. on the 2.49 acre tract; at 10% interest to be paid quarterly; with principal to be paid in 5 years; 2) Plaintiff to pay American a 1% ($3,300.) commitment fee; 3) American have option for 1 year to purchase the 20,000 square feet at $4.00 per square foot ($80,000.) plus 10% interest on the $80,000. from date of commitment; 4) Plaintiff to pave Bellfort Avenue adjacent to the property, and loan not be funded prior to completion of such paving.

Cochran paid the $3,300. commitment fee and let contract for paving Bellfort Avenue. On November 7, 1974 (the paving was not complete and the commitment was to expire November 15, 1974) American amended the commitment agreement: 1) To make the $330,000. loan; 2) Required Cochran to escrow $56,000. for completion of the paving; and 3) Reduced the option price of the 20,000 square feet to delete the 10% interest on the $80,000. from July 23, 1974 until exercise of the option.

The loan was closed on November 14, 1974. Plaintiff signed note for $330,000. bearing interest at 10% (principal payable in 5 years, and interest payable each first day of January, April, July and October), and secured the note with deed of trust on the 2.49 acres. Defendant funded the loan on November 18, 1974. Defendant billed plaintiff for interest to January 1, 1975 in the amount of $4,216.67 representing 46 days interest at 10%, which amount defendant paid. Defendant billed plaintiff for interest to April 1, 1975 in the amount of $8,247.60; which plaintiff did not pay. Defendant then accelerated the note, demanded full payment of principal, interest and attorneys' fees. Plaintiff arranged to borrow such money conditioned defendant would release its option to purchase the 20,000 square feet. Defendant refused to release the option; plaintiff did not pay; and defendant foreclosed on July 1, 1975 buying in the property for $275,000.

Trial was to a jury, findings of which are summarized as follows:

1) As a condition to making the $330,000. loan on November 14, 1974 American required Cochran to grant American option to purchase 20,000 square feet out of the 2.49 acre tract.

2) The grant by Cochran to American of such option constituted interest on the $330,000. loan.

3) The option to purchase the 20,000 square feet had "No money value" to American.

4) Failed to find that by requiring Cochran to grant American option to purchase the 20,000 square feet American employed a method or plan intended to obtain from Cochran interest in excess of 10%.

12) As a condition to making the $330,000. loan American required Cochran to relinquish his right to a refund of 10% interest on the $80,000. option price as provided in the letter agreement of July 23, 1974.

13) The relinquishment by Cochran of his right to refund of 10% interest on the $80,000. option price constituted interest on the $330,000. loan.

14) The value to American of the relinquishment by Cochran of interest on the $80,000. option price was $4,000.

15) Failed to find that by requiring Cochran to relinquish his right to a refund of 10% interest on the $80,000. option price, American employed a method or plan by which American intended to obtain interest in excess of 10% on the $330,000. loan.

16) American intended to charge Cochran interest at the daily rate of $91.667 for each and every day the $330,000. loan was outstanding.

17) Failed to find that American by charging interest at the daily rate of $91.667 employed a method or plan by which American intended to obtain interest in excess of 10% on the $330,000. loan.

19), 20) $65,000. is a reasonable attorneys' fee for Cochran in the trial court; and $11,000. is a reasonable attorneys' fee on appeal.

Both parties moved for judgment. The trial court rendered judgment: 1) plaintiff Cochran take nothing in his suit against American; and 2) American recover $81,-671.33 on its counterclaim against Cochran for deficiency.

Plaintiff appeals on 16 points, contending the trial court erred in rendering the judgment, which we summarize as follows:

1) Defendant contracted for, charged, and received usury in connection with the $330,000. loan of November 14, 1974.

2) Plaintiff is entitled to recover its reasonable attorneys' fees.

3) The jury's response to issues 4, 15 and 17 relating to American's intent to charge usury are immaterial and should be disregarded.

4) American's contract for, charge, and/or receipt of usury was not the result of an accidental and bona fide error.

5) Cochran is entitled to judgment as prescribed by Article 5069–1.06 VATS, and American is not entitled to judgment on its counterclaim.

6) The foreclosure sale should be set aside and Cochran should be reinstated as lawful owner of the property.

Article 5069 VATS provides:

1.01 a) " 'Interest' is the compensation allowed by law for the use * * of money * *.

d) 'Usury' is interest in excess of the amount allowed by law.

1.02 Except as otherwise fixed by law, the maximum rate of interest shall be 10%. A greater rate of interest than 10% per annum unless otherwise authorized by law shall be deemed usurious. * *

1.04 The parties to any written contract may agree to and stipulate to any rate of interest not exceeding 10% * *.

1.06 Any person who contracts for, charges or receives interest which is greater than the amount authorized * * shall forfeit to the obligor twice the amount of interest contracted for,

charged or received, and reasonable attorneys' fees fixed by the court, provided that there shall be no penalty for a violation which results from an accidental and bona fide error".

*Windhorst v. Adcock Pipe and Supply,* Tex., 547 S.W.2d 260 holds the language "contracts for, charges or receives usurious interest" is in the disjunctive, and that only one such condition need occur to trigger penalties.

The note for $330,000. provided on its face for interest at 10%. Thus, any additional interest contracted for, charged or received would be usurious.

The jury in its answers to Issues 1 and 2 found that defendant required Cochran to grant it option to purchase the 20,000 square feet and that same was interest on the $330,000. loan. And the jury in its answers to Issues 12, 13 and 14 found that defendant required Cochran to relinquish his right to a refund of 10% interest on the $80,000. option; that this constituted interest on the $330,000. loan; and such had a value of $4,000.

■ But the jury in answer to Issue 3 found the option to purchase the 20,000 square feet had "no money value" to American. Such option was at $4.00 per square foot or a total of $80,000. There was evidence from which the jury could have found the land to be worth less than $80,000. or more than $80,000. The jury's answer to Issue 3 is sustained by the evidence, and there is no complaint that such answer is against the great weight and preponderance of the evidence. If the option had "no money value" at an option price of $84,000. then it could have no money value at an option price of $84,000. which would have been the option price with the 10% interest added.

Defendant billed plaintiff for interest due January 1, 1975 in the amount of $4,216.67. Defendant's witness testified and the jury found in answer to Issue 16 that defendant intended to charge Cochran interest at the daily rate of $91.667 for each and every day the $330,000. loan was outstanding. The

**676**

evidence was that such charge was computed on a 360 day per year method, which amounts to more per day than computation on the 365 day per year method. The difference in computation methods equalize if properly applied because under the 360 day per year method each month is calculated on a 30 day basis without reference to the number of days actually in the month. Under the 360 day per year charge defendant could have charged interest for 43 days, and under the 365 day per year method defendant could have charged interest for 44 days. Defendant in fact charged and collected interest on the 360 day method and for 46 days. This amounted to excessive interest under the 365 day method of $238.68, and excessive interest under the 360 day method of $274.99. And defendant admits in its brief that $183.33 was overcharged which it has never offered to refund or give plaintiff credit for. The amount of interest charged and collected, amounts to 10.139%.

In defendant's counterclaim defendant shifted to the 365 day method for computation of interest, and admits in its brief that it overcharged interest in the amount of $90.41 in the foreclosure.

Here the trial court submitted Issue 16 which found defendant intended to charge $91.667 for every day the loan was outstanding (which was an annual rate of 10.139%) and then submitted Issue 17.

"Do you find from a preponderance of the evidence that American by charging interest at the daily rate of $91.667 per day, employed a method or plan by which American intended to obtain from Cochran interest in excess of 10% per annum on the $330,000. loan made on November 14, 1974?

"Answer: We do not".

Such finding means that it was not established that American intended to obtain interest in excess of 10%, but such finding does not establish the converse. *C. & R. Transport, Inc. v. Campbell,* Tex., 406 S.W.2d 191; *Texas General Indemnity Co. v. Dickschat* (Tex.Civ.App., Waco) NRE, 440 S.W.2d 922.

Issue 17 was followed by Issue 18 which was conditionally submitted as follows:

"If you have answered Special Issue 17 'We do', and only in that event, then answer:

"Issue 18. Do you find from a preponderance of the evidence that any additional interest charged by reason of the use of a daily rate of $91.667 resulted from accidental and bona fide mistake by representatives of American Savings?

"Answer: 'We do' or 'We do not'.

"Answer: ————".

It was defendant's burden to secure a finding of "accidental or bona fide mistake" in the overcharge of interest, as inquired about in Issue 18.

The trial court conditionally submitted such issue, and as a result of such conditional submission it was not answered by the jury.

Rule 279 TRCP provides in part:

"Upon appeal all independent grounds of * * defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived * * *".

McDonalds Civil Practice (1970) Section 12.36.2 p. 433 commenting on such section of Rule 279 says:

"When an independent ground of * * defense is raised by the pleadings and by the evidence sufficient to justify its submission but not sufficient to establish it *conclusively, the ground is waived* if no ultimate issue clearly referable thereto is included in the charge and no issue is requested by the party relying upon the ground. This rule has been applied also, where jury findings upon the independent ground * * of defense are lacking because the ground was *improperly submitted on conditions* which, on the findings made on unconditionally submitted special issues, relieved the jury of the necessity of answering the special issues related to the ground, provided that the proponent did not object to the conditional submission. A judgment will not be sustained on appeal upon any presumption of findings favorable to it upon such omitted ground".

Our Supreme Court holds in *Strauss v. LaMark,* 366 S.W.2d 555, 557:

"Under the provisions of Rule 279 TRCP, an independent ground of * * defense not conclusively established by the evidence is waived if no issue thereon is given or requested. * * * ".

"The presumed findings provisions of the Rule apply when an answer to a controlling issue is prevented by *improper conditional* submission without objection or request by the party who is entitled to and should insist upon a jury finding thereon."

To the same effect is *Hopkins v. Standard Fire Ins. Co.* (Tex.Civ.App., Houston 1st) NWH, 554 S.W.2d 270.

As noted it was defendant's defense inquired about in Issue 18 and it was defendant which should have insisted upon a jury finding to Issue 18, and by failing to do so, or by failing to object to its conditional submission, waived such ground of defense under the authorities cited.

In the foreclosure proceeding, defendant shifted to the 365 day method of computing interest, and admits to a $90.41 overcharge in interest, which is usurious. No issue was requested here inquiring if the overcharge resulted from accidental or bona fide error, which was defendant's burden to request under Rule 279.

We sustain plaintiff's contentions that defendant charged and received usury; that the jury's response to Issues 4, 15, and 17 are immaterial; and that defendant has not carried its burden to establish that its charge for and receipt of usury was the result of accidental and bona fide error.

We reverse the judgment and remand the case in the interest of justice. Accordingly the case is remanded to the trial court in its entirety. *Morrow v. Shotwell,* Tex., 477 S.W.2d 538; *Scott v. Liebman,* Tex., 404 S.W.2d 288.

REVERSED AND REMANDED.